---

GULF, COLORADO & SANTA FE RAILWAY COMPANY V. J. M. LOCKER.

No. 2964.

1. **Opinion of Nonexpert.**—A witness was asked, "Why was it the water of the Bosque did not flow in 1887 as it did formerly?" To which the witness replied, "The railway obstructed it." This witness was not an expert, but he had testified to actual

knowledge of the facts—of the water flow before and after the railway had been built—was present at the flood causing the damage in controversy. Having given the attendant circumstances his opinion as above was admissible.

2. **Irrelevant Testimony.** — That lands above and below the injured lands the subject of litigation had suffered by the overflow, although the disturbing cause complained of was not present, is not competent to negative the testimony of witnesses that by the embankment of the railway the waters had been collected into a culvert and the increased flow caused thereby had washed away the soil and injured the crops upon which the current was thrown. The exclusion of the testimony was proper.

3. **Practice—Bill of Exceptions.**—Where the ruling of the court in sustaining exceptions to a question asked a witness is sought to be revised the bill of exceptions must fairly show what it was expected would be the answer of the witness. See example.

4. **Charge.**—Where a charge sufficiently submits an issue to the jury it is proper ·to refuse an instruction substantially covering the same grounds.

5. **Testimony to Damages.** — See facts held ample to sustain a verdict for the amount given as damages.

APPEAL from Bosque. Tried below before Hon. J. M. Hall.
The opinion states the case.

*J. W. Terry,* for appellant.— 1. Witnesses who are not experts should be required to state the facts and allow the jury to deduce the opinion or conclusion from such facts. The question as to whether or not the railway embankment obstructed the waters of the Bosque River to the damage of the plaintiff was a conclusion to be drawn by the jury from all the facts in evidence, and it was not admissible to have their judgment influenced by the opinions of witnesses who were possessed of no better qualifications for giving an opinion or drawing a conclusion from the facts than the jury were. Railway v. Reason, 61 Texas, 616.

2. It being the theory of the plaintiff's case that the railway embankment obstructed the waters of the Bosque River in an ordinary overflow of the river in the year 1887, and thereby increased the volume of water on plaintiff's place to his damage, and that in previous overflows of the Bosque River, before the construction of the railway embankment, which were as great as the overflow of 1887 there had not been as much water on his land as there was in 1887 and that he had not been damaged by such previous overflows, and it being denied by the defendant that its railway embankment caused the accumulation of water on plaintiff's place and the consequent damage, it was a circumstance proper for the jury to consider in determining the contested issue as to whether the railway embankment was the cause of the damage that farms on the river above and below plaintiff's place and too far from the railway embankment to be affected thereby had more water upon them and were damaged to a greater extent in the overflow of 1887 than in the overflows occurring before the construction of the railway.

3. If it was permissible for the farmer witness McSpadden to state that

in his opinion the railway embankment obstructed the flow of water, then it was certainly permissible for the surveyor witness Scrutchfield to state that in his opinion the railway embankment did not obstruct the flow of water, and to give as his reason therefor that if the railway embankment had presented any material obstruction that the force of the water would have broken the embankment. It is submitted that the court either erred in receiving the opinion of the farmer or in rejecting the opinion of the surveyor.

4. This being a case in which the evidence was manifestly conflicting, and the burden of proof being upon the plaintiff to show that the railway embankment caused the damage, the jury should have been instructed as to the meaning of the burden of proof. From a general statement that the burden of proof is upon the plaintiff an ordinary jury might well infer that he was only required to make a prima facie case, and that they would be authorized to find for him although after the evidence of the defendant was introduced the evidence on the whole case might be evenly balanced or preponderate in favor of the defendant. Sack. on Inst., 38; Proffat on Jury Trial, sec. 367; Ray v. Donnelly, 4 McLean, 504; Watt v. Kirby, 17 Ill., 200.

5. A party who seeks to recover damages should be required to show to a reasonable certainty the extent of his damage, especially when it is in his power so to do, and verdicts for damages should not be rendered on evidence that the plaintiff conjectured or guessed his damages to be a certain amount.

*S. H. Lumpkin,* for appellee.— 1. An unskilled witness familiar with the ground, embankment, and flow of the waters of the Bosque and the facts connected with the overflow may give his opinion as to what obstructed the flow of the water, especially when he was present and saw all the facts and circumstances in the case. Railway v. Klaus, 64 Texas, 293.

2. It is the peculiar province of a jury to pass on the evidence, which " is decidedly conflicting," tending to establish or disprove a contested issue in a case, but the trial court should not allow evidence to go to the jury to show the damage done to other and different lands belonging to other persons for miles up and down the Bosque River, who were only witnesses and not litigants in the case.

HOBBY, Judge.—This is a suit for damages for overflowing plaintiff's land.

It is alleged in substance that defendant negligently, etc., constructed an embankment of earth about 13 feet high from the north bank of the Bosque River in a northwest direction, about 1200 yards long and at the distance of about 200 yards from the river, and opposite and adjacent to plaintiff's land left a culvert about 80 yards wide. That said land lay in a gentle

slope from west to east, and when said river overflowed its banks, which it did frequently before the construction of the road of defendant, the waters would gradually rise and spread over the same and leave a rich deposit. That said embankment changed the flow of said waters and formed a kind of pocket, which forced all the overflowed waters for a distance of 1200 yards through said culvert on plaintiff's land in a rapid current, which washed away and destroyed the soil, houses, fences, and crops off of plaintiff's land, to his damage in the sum of $11,827.50.

The defense was a general denial.

The case was tried on February 7, 1888, and plaintiff recovered a verdict and judgment for $431.

The first assignment of error is that "The court erred in permitting the witness C. H. McSpadden, over the objection of the defendant, to testify in answer to the following question: 'Why was it the waters of the Bosque did not flow in 1887 as they did formerly?' To which the witness replied, 'The railroad obstructed it.'"

The ground of objection was that the witness was not an expert and hence incompetent to give an opinion.

This witness had testified that he was well acquainted with the plaintiff's farm, etc., situated on the Bosque River and just below the railroad; had known it and had resided there and on his, one mile north of it, for about twenty years. He also testified to the correctness of the plot in evidence showing the bridge, river, farm, etc., and described in detail the overflowed lands. He also testified that he was present in 1887 on defendant's railroad during the overflow, and he gave a lengthy account of it and testified to his examination of the bridge and trestle during the overflow; described the physical features of the valley and explained how the waters prior to the construction of the bridge would spread out, and that a part of it would flow through a depression on plaintiff's land and a part through another near the trestle, and that now, since the construction of the railroad, the water is forced through the trestle, causing a strong current, etc.

The explanation attached by the judge to the bill of exceptions shows that the witness was required to state the facts upon which his opinion was based.

The witness having apparently fully stated all of the facts upon which this opinion was founded, it was competent for him to answer the question.

In the case of the Houston & Texas Central Railway Company v. Reason, 61 Texas, cited by appellant in support of his assignment, the question which was held to be inadmissible because calling for an opinion was this, "Was it not your own fault and negligence?" The distinction between this question and that propounded to McSpadden, in view of his evidence then before the court, is too obvious to require discussion.

The case of the International & Great Northern Railway Company v.

Klaus, 64 Texas, 294, was similar to this, and a like question was there involved. A defectively constructed bridge was claimed to have obstructed the water and caused the injury. Several witnesses who were familiar with and resided on the stream for many years stated that after heavy rains the water rushed down the channel, bearing trees, etc., in quantities. They then stated that in their opinion the openings in the bridge were not sufficient to admit the passage of the drift.

It was held to be admissible, although objected to upon substantially the same grounds as the present case.

The case of Porter v. Manufacturing Company, 17 Connecticut, 249, was cited in support of the doctrine that upon a question of this character the opinions of unskilled witnesses were generally more satisfactory than those of scientific witnesses having no personal knowledge of the facts. We think there was no error in admitting the testimony.

The second, third, and fourth assignments are:

"2. The court erred in refusing to permit the defendant to show by the witness C. H. McSpadden that his place was about a mile up the river from that of the plaintiff, and that the same current of water which afterwards overflowed the plaintiff came out of the river above the witness's place and ran over the same in currents, and greatly washed, damaged, and injured the same, and that his place was too far above the railroad to be affected by the embankment.

"3. The court erred in refusing to permit the defendant to show by the witness Mrs. C. H. Sedberry that she owned a farm about one and a half miles above plaintiff's farm, on the same side of the Bosque River, not affected by the railroad, and that her farm had been damaged more in 1887 than it had been in previous years; and also erred in refusing to permit the defendant to show by the witness J. W. Helm the damage done at other places on the river immediately above and below plaintiff's place which were unaffected by the railroad.

"4. The court erred in refusing to permit the defendant to show by the witness T. A. McSpadden that he owned the farm south of and below plaintiff on the Bosque River, and that the rise of the river in 1872 was greater than in 1887, and still that his land was not damaged as much in 1872 as it was in 1887, and that his land was too far below the railroad to be affected by the embankment."

It appears from the explanation of the judge attached to the bill of exceptions that "the witnesses did testify as to the height of the different floods, and that defendant was not confined to the height of the waters at plaintiff's land, but was permitted to prove the height of the different floods for miles above and below plaintiff's land. This was done to show whether the flood alleged to have damaged plaintiff's land was an extraordinary flood or not."

The objection made by the plaintiff to the foregoing testimony we un-

derstand from the judge's statement was as to the damage done to the witness's land. This was excluded on the ground of its being immaterial.

Under the facts of this case we do not see that the court erred in excluding this testimony. Had it been shown that the land above and below plaintiff's was overflowed by the same waters in 1887, and the damage done and its extent, and that it was too far from the embankment to be affected by it, this would have established the fact that there was no similarity whatever in the situation of this land and plaintiff's with respect to the embankment, the cause of the injury to plaintiff, and that the same causes did not operate to overflow plaintiff's land which affected that of the witnesses.

The land of McSpadden and Mrs. Sedberry, above and below plaintiff's, may have been injured by the overflow of 1887; the embankment may not have in the least degree contributed to it, and yet this would not have afforded the inference that plaintiff's land was not damaged by the current which resulted from the concentration of the waters in the culvert of the embankment. The topography alone of their land may have been such as to subject it to great damage by the overflow of 1887. The existence of this fact was entirely consistent with the testimony offered. If so, the excluded evidence could have had no tendency to create the impression that plaintiff's land was damaged by reason of any other cause than that shown by the testimony—the construction of the embankment.

There was no error, we think, in the action of the court.

The fifth assignment is that the court erred in not permitting the witness L. H. Scrutchfield to answer the following question: "If the culvert had not been wide enough to pass that water would there not have been a sufficient force against the embankment to have broken it?" This was excluded because it was irrelevant. It does not appear from the bill of exceptions what the answer of the witness would probably have been; and the rule is that the exception to the ruling of the court excluding evidence should plainly show the nature of the testimony proposed to be introduced in order to determine its admissibility. Beeman v. Lester, 62 Texas, 431. The inference can not be drawn that the plaintiff's land was not damaged by reason of the waters rushing through the culvert from the fact that if the culvert had not been wide enough to pass the waters the force against the embankment would have been sufficient to have broken it. The concentration of the volume of water in the culvert produced the rapid current causing the land of plaintiff to be washed and injured. If the culvert had not been wide enough to pass the water and its force had broken the embankment, it does not prove or tend to prove that plaintiff's land was not injured. There is nothing in the record from which we can conclude that the court erred in refusing to permit the witness to answer the question.

It is complained that the court erred in not giving the following charge

requested by defendant: "The burden of proof is on the plaintiff to show that his property was destroyed or damaged by the railway embankment, and if upon the whole evidence your minds are evenly balanced and you are unable to say that the preponderance of evidence is in favor of the plaintiff, then you will find for the defendant."

The court did instruct the jury that "the burden of proof is on the plaintiff to show that he was damaged by the negligent, etc., construction of defendant's roadbed to entitle him to recover in this case, and unless you do so believe from the evidence you will find for defendant." This was sufficient.

The refusal of the court to give the following is assigned as error:

"The jury are not authorized to find a verdict on guess work, but the burden being on the plaintiff to show the amount of his damages by evidence reasonably certain, therefore the court charges you that the plaintiff having furnished no reasonable estimate or measurement of the quantity of land which he claims was washed, but having guessed at it at 5 or 10 acres, you are not authorized to consider the washing of his land, and in finding your verdict you will disregard the same."

The evidence shows clearly that the water passed over 75 acres of plaintiff's land, that the soil was washed off of this "in patches," and plaintiff could not give "the exact number of acres that the soil was washed off. It was at least 5 or 10 acres." The damage to this was estimated at $100. The injury to plaintiff's crops, houses, etc., which he itemized, amounted to $391, the entire damage being $491.50. There was no error in the witness estimating the number of acres of land injured, and there was no error in refusing the charge.

The evidence shows that damage sustained by plaintiff was caused solely by the embankment, as alleged. This issue was properly submitted, and there was no error in refusing the special instructions requested.

We think, therefore, that the judgment should be affirmed.

*Affirmed.*

Adopted October 21, 1890.