## JAMES F. HOGAN V. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

### No. 352.

**1. Application for Continuance.**

A first application is defective unless it states that applicant has used *due diligence* to procure the testimony. The application, in stating the diligence used, should state the facts of diligence, so that it may be known that due diligence had been in fact used .............................. 684

**2. Same.**

See application for first continuance held insufficient .................681, 684

**3. Same—Inconvenience.**

Inconvenience to a railway company in bringing its witnesses, engaged in operating its trains, to the trial, constitutes no ground for continuance..... 685

**4. Practice—Remarks of Counsel.**

Improper remarks of counsel are no grounds for reversal on appeal when the record shows that the trial judge verbally instructed the jury to disregard the offensive language used, and no written charge was asked by the objecting party upon the subject....................................... ..... 685

**5. Contributory Negligence—Burden of Proof.**

The burden of proving contributory negligence is upon the party alleging it. Railway v. Schieder, ante, p. 162 . .................................... 685

**6. Fellow Servants.**

A locomotive engineer upon a train is not a fellow servant with the train dispatchers and telegraph operators of the railroad company in the performance of the duty wherein the negligence arose, viz., in the telegraphic department ...................................................... 685

ERROR to Court of Civil Appeals for Third District, in an appeal from Williamson County.

Hogan filed suit in the District Court December 5, and service of citation was had December 6, 1893. The petition claimed "$15,000 actual damages for personal injuries sustained by him in a collision between two trains of the defendant's railway, he being an engineer in the employ of the railway company, and in charge of one of the engines at the time of the collision; and that the collision was caused by negligence on part of the railway company in issuing telegraphic orders for the movement of the colliding trains."

The case was called for trial January 6, 1894. Application by defendant for continuance was overruled, the trial resulting in a judgment for plaintiff for $10,000. On appeal, the judgment was reversed by the Court of Civil Appeals, one of the judges dissenting. The writ of error is granted on grounds of the dissent, on complaint of error in the Court of Civil Appeals in reversing the case upon the action of the trial court in overruling the motion for continuance.

The facts sufficiently appear in the opinion.

*John W. Parker,* for plaintiff in error.—1. The application for continuance was insufficient. [See opinion for application.] Brown v. Bank, 70 Texas, 751; Railway v. Aikin, 71 Texas, 377; Railway v.

Woolum, 84 Texas, 573; Baker v. Kellog, 16 Texas, 118; Townsend v. The State, 41 Texas, 135; Carter v. Eanes, 44 Texas, 547; Burditt v. Glasscock, 25 Texas Supp., 48; Railway v. Hardin, 62 Texas, 369; Williams v. Edwards, 15 Texas, 43; Spencer v. Kennard, 12 Texas, 187; Robertson v. Martell, 11 Texas, 153; Blum v. Bassett, 67 Texas, 196; Doll v. Mundine, 84 Texas, 318; Land Co. v. Chisholm, 71 Texas, 525; McMahon v. Busby, 27 Texas, 195; Tel. Co. v. Berdine, 2 Texas Civ. App., 521; Chilson v. Reeves, 29 Texas, 280.

2. Considering the application as addressed to the equitable jurisdiction and the discretion of the trial court, it is subject to the rule, that in applications addressed to the discretion of the court, it must clearly appear that the continuance was improperly refused, before the judgment will be reformed. Lewis v. Williams, 15 Texas, 47; Railway v. Hardin, 62 Texas, 369; Trammell v. Pilgrim, 20 Texas, 160; Townsend v. The State, 41 Texas, 135; Allen v. Willis & Bro., 65 Texas, 70.

*West & Cochran*, for defendant in error.—1. The application being for first continuance, was in compliance with law, and the trial court had no discretion in the matter. Rev. Stats., art. 1277; Smith v. Bates, 27 S. W. Rep., 1044; Dillingham v. Ellis, 25 S. W. Rep., 618; Cleveland v. Cole, 65 Texas, 404; Payne v. Cox, 13 Texas, 481; Prewett v. Everett, 10 Texas, 284; Hipp v. Bissell, 3 Texas, 120.

2. Counsel should confine his argument to the evidence and to the arguments of opposing counsel. Rule 39 for District Courts, 84 Texas; Blum v. Simpson, 66 Texas, 85; Railway v. Cooper, 70 Texas, 69; Moss v. Sanger, 75 Texas, 323.

3. Under the undisputed facts, the train dispatcher at Taylor, the operator at Smithville, Conductor Regnier, and Engineer Hogan, appellee, were fellow servants, the evidence showing, that so far as the movement of trains is concerned, all of said employes of appellant work together for the accomplishment of the same end, viz., the proper and safe running of trains. Acts 1893, p. 120; Railway v. Pierce, 27 S. W. Rep., 69; 25 S. W. Rep., 60; Railway v. Arispe, 81 Texas, 520; Dallas v. Railway, 61 Texas, 202; Railway v. Farmer, 73 Texas, 87; Railway v. Huntington, 62 Texas, 601; Railway v. Rider, 62 Texas, 269; Railway v. Watts, 63 Texas, 551; Railway v. Smith, 76 Texas, 614.

Train dispatcher and operator and engineer are fellow servants. Dana v. Railway, 23 Hun (N. Y.), 473; Blesting v. Railway, 77 Mo., 410; 15 Am. and Eng. Ry. Cases, 298.

4. The court should have charged clearly, that in order for appellee to recover the burden was on him to prove that the injuries complained of resulted directly and proximately from the negligence of appellant or its vice-principal; and further, that appellee, in the exercise of due care, did nothing which contributed to his own injuries. Railway v. Arispe, 81 Texas, 520; Railway v. Crowder, 63 Texas, 502;

Railway v. Christman, 65 Texas, 369; Wood on Mast. and Serv., secs. 346, 362, 382.

BROWN, ASSOCIATE JUSTICE.—James F. Hogan sued the Missouri, Kansas & Texas Railway Company of Texas, in the District Court of Williamson County, to recover damages alleged to have been received by him while in its employ, on September 24, 1893. The petition alleged, that Hogan was a locomotive engineer on a train of defendant running from Houston to Taylor. That he had orders to pass a certain train at Bastrop, and upon arriving at Smithville he received other orders, directing him to pass the same train at Taylor. Upon arriving at Bastrop, in obedience to the last order, he proceeded on his way to Taylor. When about five or six miles north of Bastrop he met the train which he had been ordered to meet at Taylor, and a collision being imminent, plaintiff jumped from his engine, whereby he received permanent injuries, for which he claimed the sum of $15,000.

The defendant pleaded a general denial, and specially, that if plaintiff was injured it was by the negligence of his fellow servant, and that the injuries were caused by the contributory negligence of the plaintiff himself in obeying an order to meet a south-bound train, which order was imperfect and in violation of the rules of appellant company, and contrary to the recognized custom and rule of the company in changing meeting points of trains. The suit was filed December 5, 1893, and citation served on the 6th day of that month. The case was called for trial on the 5th day of January, 1894, when the defendant made application for a continuance, which, omitting the formal parts, is in this language:

"Now comes the defendant and moves the court to grant it a continuance herein, and in support thereof states:

"1. That the general office of this defendant is required by law to be kept in the city of Denison, Grayson County, Texas. That the general claim agent, A. A. Krause, has his office at that point, and his office is the proper depository for all records in reference to personal injuries sustained by employes of defendant.

"2. That this suit was instituted on the 5th day of December, 1893; service of citation was had on the 6th of December, 1893, and notice thereof reached defendant's counsel in charge of this case on the 8th of December, 1893.

"3. That the claim of plaintiff is, that the collision in which he sustained the injuries complained of was occasioned by the negligence of defendant and its servants in issuing an improper meeting order for train 101 and extra train 22 on its Houston division, the plaintiff claiming, that he was directed by telegraphic order to meet 101 at Taylor, and that, notwithstanding the fact that he had a previous order directing the meeting of said trains at Bastrop, and which was not in terms made *void* by the last order, and which last order did not state that the meeting point was Taylor, *instead of* Bastrop, he was jus-

tified and required under such order to run through Bastrop in the
direction of Taylor, regardless of 101; while the claim of the defend-
ant is, that the order alleged to have been sent out from Taylor to
Smithville was not in fact sent, but was erroneously taken as applying
to 101, when in fact it applied to 103; but that, if such order was in
fact sent as is alleged by plaintiff, then that the same was an incom-
plete order, and one that should not have been obeyed, as the plaintiff
well knew, said order failing in terms to make void the previous order
naming Bastrop as the meeting point, or not stating therein that the
meeting point was Taylor, instead of Bastrop.

"4. That within a short time after the institution of this suit the
original reports of the parties in charge of said train were furnished
the said counsel by said general claim agent, Krause. That said re-
ports gave the name of J. J. Gavin, residing at Taylor, Texas, as a
material witness, the foundation of plaintiff's case being, as aforesaid,
alleged contradictory and improper orders issued by the said Gavin
and his subordinates to plaintiff, in obedience to which, as claimed by
him, the collision occurred. That the said Gavin is in fact a material
witness for the defendant, he being at the time of the alleged injuries
its train master at Taylor, Texas, from whose office emanated all orders
referring to the movement of the train upon which the plaintiff was.

"5. That a subpœna for said Gavin was applied for and placed in
the hands of a proper officer in ample time to have been served and
returned in time to secure the attendance of said Gavin as a witness
at this term, but counsel learned for the first time, on the afternoon of
January 1, 1894, that said Gavin did not now reside in Williamson
County, having left said county and State of Texas a short while be-
fore the institution of this suit, and being no longer resident therein.
That counsel is advised by the said Krause, and believes and so states
the fact to be, that since the institution of this suit the said Krause
has made and caused to be made diligent inquiry and search to ascer-
tain the residence of the said Gavin. That he had been unable to as-
certain his residence, but is informed that a few weeks ago the said
Gavin was in Chicago, in the State of Illinois. That, since the insti-
tution of this suit, defendant has been unable to ascertain the residence
of said Gavin in time to take his deposition, but it confidently expects
to be able to find his residence in time to procure his testimony for the
next ensuing term of court, and expects to have his testimony then
before this court.

"6. That among the reports furnished with reference to said acci-
dent is the report made by plaintiff in this case, in which he claimed
and represented to the company, the defendant herein, that he was
only slightly injured, and there was nothing in said report to give
notice to the company that it would be necessary to make any special
investigation touching the facts, and defendant was not advised that
plaintiff claimed to be seriously injured until the institution of this
suit. That the injuries enumerated in the original petition are of a

grave and serious character, and are such as to appeal strongly to a jury to award liberal damages. That since the institution of this suit, to wit, on or about the 29th day of December, 1893, plaintiff amended his petition as the same now reads, giving defendant's counsel notice thereof by handing him the amendment, by changing his cause of action by adding thereto new and distinct injuries claimed to have been sustained by him, as to the existence of which defendant had never heretofore had any intimation. That said addition to the enumeration of injuries enumerates injuries of a graver and more serious character than those originally charged. That plaintiff is seeking to recover a large sum as damages, and claims, as aforesaid, injuries of a character calculated to arouse the sympathies of the jury, and defendant should be allowed ample time to fully investigate and ascertain the truth of the matters in issue for its defense. That among other defenses set up by the defendant is the defense, that by a rule, custom, and practice long recognized and in force along and over the line of the defendant, and which was well known to plaintiff, no order fixing a meeting point of trains can be changed so as to command obedience thereto except by a subsequent order expressly revoking or making void the former order, or by fixing a new meeting point, and specifying therein that such meeting is instead of the one designated in the former order. That, in order to prove the rule, custom, and practice of the defendant as to orders changing the meeting points of trains, and to prove plaintiff's knowledge thereof, it will be necessary, should defendant be forced to trial at this term of the court, to bring into court in person the train masters and train dispatchers of defendant on its Houston division, and upon other divisions on which plaintiff has been engaged since his employment by the company as engineer, and thereby greatly embarrass and cripple the defendant in the conduct of its business as a common carrier, and in the exercise of its public duty. That it would be unjust and oppressive, and would work a great hardship to the defendant, to be compelled to go into the trial of this cause at this term. And this defendant says that this application is not made for delay, but that justice may be done."

The District Court overruled the application, the defendant excepting in due form, and upon trial judgment was rendered in favor of the plaintiff against the defendant for $10,000. Upon appeal by the defendant, the judgment was reversed and the cause remanded by the Court of Civil Appeals on the ground that the court erred in overruling the application for a continuance. Justice Key dissented from the judgment of the majority, filing the grounds of his dissent in writing. Hogan applied for a writ of error to this court, which was granted, and the first question for consideration is the correctness of the judgment of the Court of Civil Appeals in reversing the judgment of the District Court and remanding the case.

The dissenting opinion of Justice Key in this case discusses the application for a continuance at length, and accurately and clearly states

the points wherein it fails to comply with the requirements of the law, and it will be unnecessary for us to do more than briefly state the grounds upon which our decision rests.

The application does not state that the defendant had "used *due diligence*" to procure the testimony of the witness Gavin, as required by article 1277 of the Revised Statutes. This is a statutory requirement, and whatever may have been the reason for requiring a party in making an application for a continuance to so state, this court has heretofore held it necessary in order to constitute a statutory application, and we are not disposed to disturb the former decisions upon that question. Brown v. Bank, 70 Texas, 750; Railway v. Woolum, 84 Texas, 570.

It is stated in the application, in substance, that a subpœna was procured and placed in the hands of a proper officer in ample time to have been served and returned in time to secure his attendance at that term of court, but that the counsel learned, for the first time, on the afternoon of January 1, 1894, that Gavin did not reside in that county. This statement does not show the date when the subpœna was procured, nor at what time it was placed in the hands of the officer. It does not state facts upon which the court could judge and determine as to whether or not due diligence had been used in that particular. It appears from the application that Krause, the claim agent of the defendant, with his office at Denison, had made or caused to be made diligent inquiry and search to ascertain the residence of the witness Gavin. What Krause did or caused to be done does not appear, nor at what time he commenced the investigation as to the whereabouts of the witness. The statement made is a mere conclusion that Krause had exercised due diligence in making the inquiry, but the court would be wholly unable to determine whether the acts performed by Krause, which were not stated, constituted such diligence or not. It appears from the application that Gavin was the train master of the defendant at the time the accident occurred; that he quit the service of the defendant within a few weeks after the date of the accident; and we think that the defendant should have been charged with notice of the fact that Gavin had quit its employ, and that, in the exercise of proper diligence, it should have made inquiry as to his whereabouts at such place and of such people as would be likely to afford the information, and that these facts should have been stated in the application, in order that the court might judge as to whether due diligence was thereby used or not.

The statement in the application that the petition had been amended just before the trial, setting up additional grounds of damages, does not show that such allegations rendered the testimony of Gavin necessary; but it would seem from the application itself, that his connection with the transaction would have warned the defendant of the necessity of having his testimony immediately upon the filing of the suit and service of the citation, if, indeed, it were material to its defense at all.

The inconvenience to the defendant in bringing its witnesses engaged in running and operating its trains to that term of the court constituted no ground for a continuance whatever. It does not appear even that it could not have taken their testimony by deposition, but on the contrary, it would seem from the facts stated, that this testimony might have been so procured between the date of the service of citation and the day of trial.

The Court of Civil Appeals erred in holding that the District Court erred in overruling the defendant's application for a continuance, in reversing the judgment of the District Court, and remanding the cause.

Many assignments of error are presented to this court predicated upon alleged errors of the District Court, in the following particulars:

1. In permitting the plaintiff's counsel to use certain language in the course of argument to the jury.

2. In the charges given by the court.

3. In refusing charges requested by the defendant.

The bills of exception show that in each instance the court verbally instructed the jury to disregard the language improperly indulged in by the plaintiff's counsel, and the defendant asked no written charge upon the subject. We think that the court did all that the law required to be done in order to protect the defendant under the circumstances.

The charge of the court as given to the jury presented all the issues involved in the case arising upon the facts, and instructed the jury fully as favorably to the defendant as the law justified.

The charges asked by the defendant which were refused, which are made the basis of assigned errors, were properly refused. In so far as they were applicable to the case and correct, they were embraced in the charge of the court given to the jury. In many particulars they were wholly inapplicable to the facts as we understand them, and were correctly refused. The court correctly submitted the question of contributory negligence to the jury as a question of fact for them to determine from the evidence. The charge asked by defendant, which placed the burden of proof as to contributory negligence upon the plaintiff, was not correct as a matter of law, as was held by this court in the case of Railway v. Shieder, ante, p. 152. The facts in this case do not show that the plaintiff was a fellow servant with the train dispatchers and telegraph operators of the defendant in the performance of the duty wherein the negligence arose, and the court properly so charged the jury.

For the error committed by the majority of the court, as stated above, the judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

*Affirmed.*