SPRINGMAN v. HEIDBRINK. (No. 8227.)

(Court of Civil Appeals of Texas. Galveston. May 11, 1922. Rehearing Denied June 8, 1922.)

1. Appeal and error ⬱692(1)—Bill of exceptions, not stating answer expected on excluded question, presents no error.

Where a bill of exceptions reserved to the ruling of the court on sustaining objections to questions as immaterial did not state what answers were expected or their materiality, the bill did not present error of which the party can complain.

2. Trial ⬱186—Court's comment held to be on weight of evidence.

Where an issue was whether a contract for the delivery of lumber had been fulfilled and was sharply drawn by the evidence, the comment of the court in overruling an objection to defendant's examination of plaintiff as being immaterial that "he would sustain the objection on the grounds that the contract had not been fulfilled" was, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, a comment on the weight of evidence and constituted prejudicial error.

Graves, J., dissenting.

Appeal from Anderson County Court; Chas. R. Stewart, Judge.

Action by B. Heidbrink against George Springman. From judgment for plaintiff, defendant appeals. Reversed and remanded. See, also, 233 S. W. 310.

Swift & Cotten, of Palestine, for appellant. Campbell, Greenwood & Barton, of Palestine, for appellee.

LANE, J. Appellee, B. Heidbrink, brought this suit against appellant, George Springman, to recover stipulated damages for breach of a contract for the delivery of lumber.

The petition declares upon the contract, which shows that the time for the delivery

of the lumber was October 1, 1919, a copy of which is attached to the petition as an exhibit. It is then alleged, in substance, that in order to secure his compliance with said contract, appellant executed his promissory note in favor of appellee for $750, and deposited it with the Royal National Bank of Palestine, with the understanding and agreement by and between appellant and appellee and the bank that in event appellant failed to comply with his contract for the delivery of the lumber the bank should deliver the note to appellee, but in case the lumber was delivered in accordance with the contract the note should be returned to appellant; that appellant had failed to deliver the lumber, and that appellee was entitled to said note, which was still in the possession of the bank, and to recover the sum due thereon according to its terms and effect, for which judgment is prayed against appellant.

The defendant answered by general demurrer and general denial, and specially pleaded that he had not breached the contract for the delivery of the lumber, as alleged by the plaintiff, but that he had been at all times and was still ready and willing to comply with his contract. He further pleaded an agreement by the plaintiff to extend the time for the delivery of the lumber, and that his failure to make delivery was not due to any fault on his part, but was brought about by the wrongful acts of the plaintiff.

By supplemental petition the plaintiff made the Royal National Bank a party defendant, and prayed judgment against the bank for the note in question. The bank answered disclaiming any interest in the note, and averred that it held the note as a stakeholder only, and tendered the note to the court for its disposition.

The case was tried before a jury, to whom was submitted, by agreement of both parties, one question only, to wit: "Was the contract entered into between B. Heidbrink and George Springman extended beyond October 1, 1919?" To this question the jury answered, "No."

Upon the answer of the bank judgment was rendered in its behalf, and upon the verdict of the jury judgment was rendered in favor of E. Heidbrink against George Springman for $750 principal, $130.83 interest due on the note sued upon, and for $80.80 attorney's fees. From the judgment so entered Springman has appealed.

[1] The first and second assignments of error presented in the brief of appellant are overruled for the following reasons: On cross-examination of the plaintiff counsel for defendant asked him the following questions:

"(1) Where were you going to build these houses, Mr. Heidbrink?

"(2) Mr. Heidbrink, I will ask you if you made the statement that you did not want the lumber, but wanted the amount of the note?"

Upon objection of counsel for the plaintiff that the evidence called for by the questions was wholly immaterial, the court refused to permit the witness to answer. Neither of the two bills of exceptions reserved to the ruling of the court above mentioned, upon which the above-mentioned assignments are based, state what answers were expected of the witness, or the materiality of the expected answers to the issues involved. It is therefore evident that neither of the bills present error of which appellant can complain. So far as this court is informed, the inquiries sought information which was wholly immaterial and irrelevant to any issue in the case, and certainly the court is unable to say that the exclusion of the answers of the witness, the nature of which are undisclosed, was harmful to appellant.

[2] By the third and fourth assignments it is insisted that the court committed reversible error in this: While appellee Heidbrink was testifying in his own behalf, he was asked on cross-examination by counsel for appellant a certain question. The trial court sustained the objection to the question asked and in doing so stated that he sustained the objection because the contract had never been fulfilled. After the court had made the statement above mentioned, counsel for the plaintiff, thinking the court had erred in making the same, requested the court to instruct the jury not to consider such statement. Upon such request being made, the court instructed the jury not to consider such statement, and in the presence and hearing of the jury stated to counsel in the case that in making such statement he was merely expressing his own opinion about the matter.

These assignments, presenting practically but one question, are sustained.

The only issue between the parties was, Had the contract been extended by the plaintiff beyond the 1st of October, 1919? If it had, the defendant had not breached the same, but if it had not, he had failed to fulfill his part of the same.

The plaintiff by his pleading and testimony was contending that the contract was breached by the defendant, in that he had failed to make delivery of the lumber by the 1st of October, 1919, and the defendant by his answer and his testimony and evidence was contending that plaintiff had extended the contract, and that before the expiration of such extension he, defendant, had tendered performance, and that plaintiff had refused to carry out his part thereof, but insisted upon the payment of the note by defendant.

The issue thus made was sharply drawn by the evidence. It is shown that while the plaintiff was testifying he was asked by counsel for defendant on cross-examination if he had not (at some time) stated that he did not want the lumber, but wanted the amount due upon the note; that upon objection

urged by plaintiff that the answer to such question would be immaterial to the issue involved, the court stated that he would sustain the objection upon the grounds that the contract had not been fulfilled, evidently meaning that defendant had failed to perform his contract and had breached the same. The effect of the remark of the trial judge in withdrawing his statement above mentioned from the consideration of the jury, we think, was to aggravate rather than to remove the effect of the statement first made. That the statement made by the court in making his ruling was error was recognized by both counsel for the plaintiff and by the trial judge.

By article 1971, Vernon's Sayles' Civil Statutes 1914, it is provided that the trial judge must not comment on the weight of the evidence. It has been uniformly held by all of our appellate courts that remarks of the judge commenting on the weight of the evidence is ground for reversal, where such comment would probably influence the jury in rendering its verdict. American Express Co. v. Chandler, 215 S. W. 364; Thomson v. Kelley (Tex. Civ. App.) 97 S. W. 326; Texas & Louisiana Lumber Co. v. Rose (Tex. Civ. App.) 103 S. W. 444.

As said in the case of Lightburne & Co. v. Bank (Tex. Civ. App.) 232 S. W. 343:

"The trial court cannot fail to observe how closely the jury follows any observation the court may make in regard to the testimony or conduct of counsel that may tend to influence them to the one side or the other."

It is well understood, we think, by all persons of ordinary intelligence that an expression of the trial judge as to his opinion as to the existence or nonexistence of a fact issue has great weight with the jury.

In Thomson v. Kelley, supra, it is said:

"Under our system of jurisprudence, the jury are the exclusive judges of the weight of the evidence in all cases submitted to them, and the litigant whose case is tried by a jury is entitled to have the evidence submitted to them without any intimation from the judge of what his opinion is upon its weight, and when this right is invaded, either by the charge of the court, or by remarks made by the judge in the hearing of the jury, the litigant has just ground of complaint."

As we have reached the conclusion that the remarks of the court complained of constitute prejudicial error, we reverse the judgment and remand the cause.

Reversed and remanded.

GRAVES, J. (dissenting). By express agreement between counsel for both sides the sole fact issue on the trial of this cause was thus embodied in the court's charge to the jury:

"This case is submitted on special issue by request of counsel for plaintiff and defendant: Was the contract entered into between Plaintiff and Defendant extended beyond Oct. 1st, 1919?　　　Chas. R. Stewart, County Judge."

True appellant in his pleadings claimed there had also been agreement that he could deliver the lumber for one house at a time, undertook to tender performance through delivery of the lumber, and further recited that he had the lumber in his yard ready for delivery, and had never refused to comply with the terms of the contract, but he abandoned all these matters when it came to turning the cause over to arbitrament by the jury, and voluntarily reduced the dispute to the single inquiry whether the time for performing the contract on his part had been, as he alleged, extended beyond October 1st. Now, in this situation, the question asked the appellee, the objection made to it, and the court's action thereon, none of which, other than the ground assigned by the court for the ruling, are set out in that part of this court's opinion discussing the matter, thus appear from the bill of exceptions.

"Mr. Heidbrink, I will ask you if you made the statement that you did not want the lumber, but wanted the amount of the note?"

To which question counsel for plaintiff objected upon the ground that it was immaterial, irrelevant, prejudicial, and entirely too general, and thereupon the court stated:

"I will sustain that objection on the ground that the contract was never fulfilled."

What either this question to Heidbrink or the court's comment in excluding it had to do with the simple issue of whether the time for delivery of the lumber had been extended beyond October 1st or not I confess does not occur to me. This court is in error in stating in its opinion, after first correctly reciting that "the only issue between the parties was, Had the contract been extended by the plaintiff beyond the 1st of October, 1919?" that an issue was sharply drawn by the evidence to the effect that "before the expiration of such extension he, defendant, had tendered performance, and that plaintiff had refused to carry out his part thereof." On the contrary, appellant's sole contention was that bad weather and roads had interfered, and on that account appellee had extended the time for him to perform, and he explicitly denied that he had ever at any time tendered performance, testifying "that he had never notified plaintiff that the lumber was ready on the cars or ready for inspection at any time," and again, although the contract specially provided that the lumber should be manufactured and ready for inspection by Heidbrink on October 1, 1919, that he should not be required to take it until it had both been tendered to and inspected by him, and that if appellant failed to make such tender he should liable on the note—

"witness never at any time notified Heidbrink, either verbally or in writing, that the bill of lumber called for in the written contract was standing f. o. b. cars at Elkhart, Grapeland, or Salmon."

Not only this, but both parties had presented direct testimony as to whether the claimed extension had been granted appellant, so there was no dearth of evidence immediate to that issue.

The amount named in the note, which by its terms matured on October 1st—the same date the alleged extension became effective—represented the liquidated damages it was agreed the appellee would suffer by a failure to deliver the lumber on that date, and if it had been conceded that he preferred the money to the lumber, no light would thereby have been thrown upon whether or not he and his obligor had agreed upon more time within which the latter might carry out one form or the other of his undertaking.

It is thus plainly apparent that the question asked was immaterial, that the court's action in sustaining the objection to it was correct, and that his remark accordingly had no relevancy to what the jury were to consider. This being so, the only remaining consideration is, Did the remark probably influence the jury in merely determining, under direct testimony both ways on it by the litigants themselves, whether an extension of time beyond October 1st had been agreed upon between them? How could it have? How can this appellate court say that a jury of ordinary intelligence, with nothing whatever in this record to indicate that it actually was—and in the face of ample direct evidence to support its finding that there had been no such extension—probably was influenced to render an improper verdict by such an errant remark from the judge? If it cannot, under rule 62a, this judgment ought not to be reversed. There is in the record, as just stated, nothing at all to indicate that the jury responded to other than proper consideration of the direct evidence before it, and in such circumstances it seems to me to be too lightly regarding their solemn verdict and the judgment of the court duly entered thereon to set them at naught.

The rule upon this subject, as I conceive it, is thus tersely stated by the Supreme Court through the Commission of Appeals in the recent case of Express Co. v. Chandler, 231 S. W. 1087:

"Not every comment by the court upon the weight of evidence is reversible. If the comment is upon the weight of evidence concerning a material issue, and is such as will probably influence a jury in its decision, such comment will operate to reverse the judgment."

To the same effect also is the opinion of the El Paso Court of Civil Appeals in Midkiff v. Benson, 235 S. W. at page 294, where, in a suit for damages alleged to have resulted from the breach of a lease contract, the remark of the court that "he did not see what this testimony had to do with the facts of the case, anyway," in reference to whether Benson had paid the pool hall tax for the year 1918–19, was held to be upon an immaterial matter and so not to constitute reversible error.

As further indication that the remark in this instance did not "amount to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the cause," the bill of exception involved further shows that immediately on objection being made to it the court, in response to a request for that action from appellee's counsel, instructed the jury that so much of the comment as suggested that the contract had not been fulfilled was improper, and not to consider it for any purpose.

The additional statement, to the effect that his first remark was improper and merely an opinion of his, which the majority hold to have aggravated rather than to have removed the effect of the deleted comment, was made by the court, as shown by qualification to the bill, in these circumstances:

"The court allows this bill of exception with the statement that the above and latter remark being merely a side-bar remark, addressed to defendant's counsel, while defendant's counsel was standing at the judge's stand, and while the court was qualifying this bill of exceptions."

I think it, in the face of this recital to say that this was done "in the presence and hearing of the jury"; my understanding of the very meaning of the term "side-bar" is that it was apart, and it appears to me that the court so meant to state. But, however that may be, for the reasons already given, I cannot think there was any harmful effect upon the minds of a jury of good hard common sense.

It has long been held in Texas, generally, that a trial judge's remarks, explanatory of his action in excluding immaterial evidence, are not improper, and especially does this seem to me apropos to a side-bar comment to counsel. Black v. Wilson (Tex. Civ. App.) 187 S. W. 494.

My dissent at this reversal is respectfully but earnestly entered; I think the judgment should have been affirmed.