A. E. WILEMON et al., Appellants,

v.

STATE of Texas et al., Appellees.

No. 16424.

Court of Civil Appeals of Texas.

Dallas.

Dec. 4, 1964.

Rehearing Denied Jan. 8, 1965.

Bonney & Wade, Dallas, for appellants.

Henry Wade, Dist. Atty., A. D. Jim Bowie, Ted Z. Robertson, Don R. Stodghill and Jerome E. Dawkins, Asst. Dist. Attys., Dallas, for appellees.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

This condemnation case involves the taking of 32,892 square feet of land, approximately half of a tract belonging to the appellants A. E. Wilemon, Bobby Wilemon and F. O. Wilemon, for highway purposes. The special commissioners assessed the damages to the landowners at $7,000 and they, being dissatisfied, duly objected and demanded jury trial. However, long before the trial they withdrew the amount awarded to them, pursuant to the provisions of Article 3268, Vernon's Ann.Tex. Civ.St. The jury having found the value of the land taken to be $1,215, with no decrease in the value of appellants' remaining land, the court rendered judgment for the condemnors, State of Texas and County of Dallas, for the land condemned and for $5,785, the excess of the commissioners' award over the verdict. We have concluded that this judgment must be reversed and the cause remanded.

■ By their first point of error on appeal appellants complain of error in overruling their plea in abatement, which asserted lack of jurisdiction. This was on the ground that the description of the land taken is fatally defective in that the field notes used in the proceedings, beginning with the original petition and ending with the judgment, do not actually close. Appellants rely on Parker v. Ft. Worth & D. C. Ry. Co., 84 Tex. 333, 19 S.W. 518, and Wooten v. State, 142 Tex. 238, 177 S.W.2d 56. Those cases hold that if the defect in the description is of such a nature as to prevent an identification of the same on the ground, the court is without jurisdiction to condemn land.

However, it is well settled that when the description is sufficiently certain to enable one to identify and locate the land by going on the ground, a false and contradictory element of description is harmless, Roberts v. County of Robertson, Tex.Civ. App., 48 S.W.2d 737, wr. ref., and a description which will enable one to identify the property, when aided by inquiry based upon information given by the instrument, is sufficient. Coppard v. Glasscock, Tex.Com. App., 46 S.W.2d 298, 300. Mathematical certainty is not required, only reasonable certainty. 14-B Tex.Jur., Deeds, p. 643, § 184.

Appellees established by undisputed testimony that, although the field notes do not actually close, they were sufficient to enable one to identify the property on the ground. In the light of the foregoing rules we hold that the court did have jurisdiction, and that appellants' plea in abatement was properly overruled. The first point of error is overruled.

■ The second point of error complains that the trial court refused to permit appellants' expert witness O. R. "Chick" McElya (who testified at the hearing of the plea in abatement) also to testify before the jury that the land taken was not identifiable from the field notes in the petition, making it impossible to compute the area of the land contained therein. Having held above

that there was no error in overruling the plea in abatement involving the same testimony, we now hold that the proffered testimony was immaterial and that there was no error in excluding it. Accordingly, the second point is overruled.

■■ Appellees having been permitted to establish by cross-examination of appellant F. O. Wilemon that he had paid only $5,000 for the entire tract of land in 1957, whereas he had testified that in his opinion it was worth several times that amount at the time of taking in 1961, appellants' counsel on redirect examination, in an effort to offset this damaging testimony, asked him whether he paid the $5,000 after taking into consideration a defect in the title to the land. Objection to this was sustained. However, immediately thereafter the witness was permitted without objection to testify that in addition to paying the $5,000 for the property he also had to pay for a title policy and to pay his attorneys to clear the title. He was then asked whether he had had to "undergo all of the expense and the trouble to actually clear the title," and upon an affirmative answer being given appellees moved to strike the same "unless he brings some sort of itemized list to show these expenses were reasonable in the market and so forth," and because there was no predicate. This motion was sustained.

Appellants in their third point of error complain of both rulings. Although the point is multifarious, we shall nevertheless consider it. That part of the point attacking the first ruling is overruled because there is no bill of exception showing what the answer of the witness would have been had the objection not been sustained; we cannot determine the admissibility of evidence without knowing what that evidence would have been. Gulf, C. & S. F. Ry. Co. v. Locker, 78 Tex. 279, 14 S.W. 611; Bradford v. Magnolia Pipe Line Co., Tex.Civ. App., 262 S.W.2d 242, 245, no wr. hist. The entire point is overruled because the rulings complained of cannot be said to

have probably caused the rendition of an improper judgment. Rule 434, T.R.C.P. It was established by other testimony that there was some sort of flaw in the title, that appellants employed attorneys to clear the title, and that they also paid a $250 real estate commission and bought a title policy. We think appellants thus probably got before the jury the substance of what they hoped to prove by the excluded evidence. The third point is overruled.

■■ The fourth point complains of the admission in evidence of an aerial photograph of the subject property and the surrounding neighborhood over appellants' objection that the photograph was made a year and a half after the date of taking and after a big rain. The subject property is designated on the photograph and appears to be on or near the edge of a large area apparently inundated with water. We think this objection went to the weight rather than the admissibility of the evidence. Bilbrey v. Gentle, Tex.Civ.App., 107 S.W.2d 597, wr. dism. Moreover, another aerial photograph, made at the same time and showing the same property and the same flooded neighborhood, although from a different angle, was admitted over the same objection, and no complaint is made thereof in this court. Numerous other photographs showing flood water covering the property and surrounding areas were admitted in evidence without objection. The error, if any, was harmless, Rule 434, T.R.C.P., and the fourth point is overruled.

■ By their fifth, sixth, seventh, ninth and tenth points of error appellants complain of the exclusion by the court of certain testimony proffered by appellants. We are unable to determine the admissibility thereof because appellants have not brought forward by proper bills of exceptions what these witnesses would have testified to had they been permitted to do so. Any error in excluding the testimony has been waived and nothing is presented to this court for review. 41–B, Tex.Jur., Trial—Civil Cases, p. 196, § 167; Gulf, C. & S. F. Ry. Co. v.

Locker, supra; Bradford v. Magnolia Pipe Line Co., supra. These points are overruled.

■ By their eighth point of error the appellants complain that the trial court erroneously refused to allow their expert witness Russell E. Shutt to show to the jury the location of the comparable sales used by him on a map that had been introduced in evidence by appellees. The record shows that the witness was asked to locate the property on the map in a redirect examination by appellants' counsel. Appellees objected on the ground that it was not rebuttal of anything brought out on cross-examination, which objection was sustained. Appellants argue that the cross-examination of this witness had placed him in a bad light and that they were entitled on redirect examination to try to remove the unfavorable impression. Whether it would have had that effect to permit the witness to point to a couple of places on a map we are of course unable to say; all we can say is that appellants have not discharged the burden resting upon them in this court to demonstrate that the trial court abused its discretion or that the error, if any, was such as probably caused the rendition of an improper judgment. McCormick & Ray, Texas Law of Evidence, Vol. 1, p. 477, § 622; Texas Employers Ins. Ass'n v. Hitt, Tex.Civ.App., 125 S.W.2d 323, 328; Rule 434, T.R.C.P. We overrule the eighth point.

■ In their eleventh and twelfth points of error appellants assert that the finding by the jury of the value of the land taken at $1,215 is against the greater weight of the evidence, for which reason it was error to grant appellees' motion for judgment and to overrule appellants' motion for judgment *non obstante veredicto*. We have carefully read the entire statement of facts and, finding these points to be wholly without merit, overrule the same. It would add nothing to the jurisprudence of the State for us to detail or even summarize the evidence on both sides on this subject. We cannot say that the expert testimony of appellants' witnesses, or any other fact in the record, was of greater weight than that of appellees' expert witness Joseph R. Smith. It is obvious from the verdict that the jury believed Mr. Smith's testimony, and this they had a right to do.

■ Moreover, to maintain a point that there was error in overruling a motion for judgment *n. o. v.* the appellant must establish that there was no evidence of probative force supporting the findings upon which the judgment is based. When an effort is made to do so we must view the evidence in a light most favorable to the party against whom such motion was sought. Gulf, C. & S. F. Ry. Co. v. Deen, 158 Tex. 466, 312 S.W.2d 933; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Luvual v. Henke & Pillot, Division of Kroger Co., Tex.Civ.App., 366 S.W.2d 831, 836, wr. ref. n. r. e. We hold that Smith's testimony constituted evidence supporting the verdict, and overrule the eleventh and twelfth points.

■ In their thirteenth point of error the appellants assert prejudicial error in a remark made by the trial court in the course of the jury argument being made by appellants' counsel. This point is sustained. The appellees' witness Joseph R. Smith had testified on cross-examination that in evaluating the subject property he had not taken into consideration the fact that it was being rented for $75 a month at the time of taking, explaining in considerable detail why he did not do so. In the course of his argument to the jury appellants' counsel stated: "Another thing that Mr. Smith would never agree to and never admit was that his method—one of his recognized methods of appraisal using the rental from a property to determine its value would have anything to do with the value of this property—". At this point counsel for appellees interrupted to say: "That is not correct, Your Honor, and we object to any statement of this nature which is outside the

record. Mr. Smith did not so testify. He testified that the income approach was a proper method to use to appraise property if you had a tenant like Kress or somebody like that." Whereupon the court made this statement: *"Well, I thought Mr. Smith explained his position with regard to this rental matter, and I will sustain counsel's objections."* Counsel for appellants then said: "Note our exception."

Appellees reply to the argument that this was a comment on the weight of the evidence by saying that the court's remark was in keeping with, rather than an improper comment on, the weight of the evidence; and, in the alternative, no objection or motion for mistrial having been made, the point was waived; and that in any event the error, if any, was harmless.

We agree with appellants that the judge's remark was an improper comment. Counsel for appellants had tried sincerely, as he had a right to do, to minimize the effect of Smith's testimony by emphasizing the fact that the land was producing a monthly rental of $75 and that it was improper to ignore this fact in arriving at the market value. He was continuing in this effort in his argument to the jury, as he also had a right to do. The trial court's remark was reasonably calculated, in our opinion, to convey to the jury the definite impression that the judge felt that Smith's explanation of his refusal to take the rental into account was reasonable and satisfactory and that in weighing Smith's testimony on values the jury should not be influenced by the fact that a substantial amount of rent was being received monthly for the use of the land. This was clearly a comment on the weight of the evidence.

Moreover, there can be no doubt that the court's unfortunate remark was harmful to appellants. They were contending that the land had a much higher value even than the $7,000 which the commissioners had awarded them. Appellees presented only one witness on values, Joseph R. Smith,

who testified that in his opinion the land taken had a value of only $1,215. The strongest attack appellants could make on this devastating testimony was to try by vigorous cross-examination to make the witness admit that his valuation was too low in view of the monthly rent produced by the land. The witness did explain in detail why he was unwilling to take the rentals into account. Although his explanation of the matter may have been satisfactory to the trial court, still it was the right of appellants to have the matter considered by the jury independently of the opinion of the trial court on the matter. Significantly, the verdict coincided exactly with Smith's evaluation. Therefore, we have no difficulty in reaching the conclusion that the remark was harmful and reversible error unless appellants waived their right to complain of it by not objecting or excepting to it and not moving for a mistrial.

Appellees earnestly urge such waiver, citing Loumparoff v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W.2d 224, 228, no wr. hist.; City of Austin v. Cook, Tex.Civ.App., 343 S.W.2d 545, 547, wr. ref. n. r. e.; Wells v. Ford, Tex.Civ. App., 118 S.W.2d 420, 432, wr. dism.; and Sabine & E. T. Ry. Co. v. Broussard, 75 Tex. 597, 12 S.W. 1126. We have concluded that the error was not waived.

The general rule is thus stated in 3 Tex.Jur.2d, Appeal and Error—Civil, p. 426, § 151:

"Generally, an objection to improper conduct or comment of the court on the trial of the case must be made below at the time the improper conduct or comment occurs, in order to save it for appellate review, *unless the conduct or comment is of such prejudicial and harmful character that an instruction will not safeguard against its evil."* (Italics ours.)

It is our view that this situation falls within the exception to the general rule, contained

in the last clause of the above text. The purpose of an objection to an improper comment by the court is to give the court an opportunity to cure the error by appropriate instructions to the jury, but if the comment is of such a nature that its harmful effect cannot be removed by instruction the reason for requiring an objection or exception vanishes. Connecticut Gen. Life Ins. Co. v. Moore, Tex.Civ.App., 75 S.W.2d 329, wr. dism.; Southland Greyhound Lines v. Matthews, Tex.Civ.App., 74 S.W.2d 713, wr. dism.

This rule has often been held to apply to prejudicial and inflammatory arguments of counsel. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Southern Pacific Co. v. Hubbard, 156 Tex. 525, 297 S.W.2d 120. We see no reason why it should not apply with at least equal force to prejudicial comments by the trial judge.

In our opinion, if the impropriety of the judge's remark had been specifically called to his attention there would have been no way for him to have removed the prejudicial impact thereof. He had in effect said in the presence of the jury that he regarded appellants' attack on Smith's testimony to be lacking in substance or merit, and anything else he may have said, in an effort to cure the error, in our opinion would only "have served to accentuate and magnify the prejudicial effects" of the remark. Sutton Motor Co. v. Crysel, Tex.Civ.App., 289 S.W.2d 631, no wr. hist.; Springman v. Heidbrink, Tex.Civ.App., 242 S.W. 298, no wr. hist. We do not regard our decision on this point to be in conflict with the authorities relied upon by appellees, hereinabove mentioned, because in those cases either an objection was made to the improper remark of the court or the remark was of such nature that the error could properly be removed by additional instruction.

■ Appellants' fourteenth and last point of error complains of the overruling of their motion for continuance because of the absence of a witness, A. A. Slaughter, an expert witness on values. Rule 252, T.R.C.P. in setting forth the requirements of an application for continuance for the want of testimony, provides that the application shall recite *inter alia*, "and that he has used due diligence to procure such testimony, *stating such diligence*, and the cause of failure, if known." (Italics ours.) In their application the appellants recited *the conclusion* that they had used due diligence to procure the testimony of the witness, but nowhere in the application is it stated what diligence was used. Rule 251, T.R.C.P. provides that a continuance shall not be granted "except for sufficient cause." As stated in Fritsch v. J. M. English Truck Line, 151 Tex. 168, 246 S.W.2d 856, 858: "Of course the absence of a material witness is 'sufficient cause', but only if proper diligence has been used to procure the testimony of the witness." See also Missouri, K. & T. Ry. Co. of Texas v. Hogan, 88 Tex. 679, 32 S.W. 1035, 1037, and Barnhart v. Kansas City, M. & O. Ry. Co. of Texas, 107 Tex. 638, 184 S.W. 176, 179. The application for continuance did not comply with the rule and no reversible error is shown in overruling it. The fourteenth point is overruled.

Because of the error complained of in the thirteenth point of error, we reverse the judgment of the court below and remand it for another trial.

Reversed and remanded.