SABINE & EAST TEXAS RAILWAY COMPANY v. MOISE BROUSARD.

No. 2662.

1.    **Comments by Trial Judge Upon the Testimony.**—Remarks upon the testimony made by the trial judge during the examination of a witness should be excepted to at the time, so as to give opportunity to the court to correct or remedy the injury done.

2.    **Same—Charge.**—Where remarks upon the testimony were made by the court in presence of the jury, and in the charge the jury were told "that they were the judges of the weight to be attached to the testimony, and that it was not the province of the court to pass on that question, or to express an opinion as to the value of the testimony admitted," such remarks, though improper, do not afford ground for reversal.

APPEAL from Hardin.    Tried below before Hon. Edwin Hobby.

The opinion states the case.

*O'Brien & John,* for appellant.—The court erred in making comments upon the testimony of defendant's first witness, Hal. Gripon, during said trial in the presence and hearing of the jury to the effect following, to-wit: "The last half hour, he thought, had been unnecessarily consumed, and was not calculated to enlighten court or jury;" said time having been occupied in the examination of said witness Gripon.    Rev. Stats., art. 1317; Gay v. McGuffin, 9 Texas, 501; Dwyer v. Bassett, 63 Texas, 277.

*Tom J. Russell,* for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellant damages.

Plaintiff complains that defendant so negligently constructed its railroad bed all the way from Taylor's Bayou to the town of Sabine Pass, that when in January, 1885, there came heavy rains, such as are usual to that region, the water overflowed the south bank of the bayou and was obstructed in its natural flow toward Sabine Lake by said railroad bed, and dammed up and caused to accumulate and stand at a great depth upon plaintiff's land for several months, destroying the grass and causing the death of plaintiff's horses and cattle, then being pastured upon said land.

There was a verdict for plaintiff.

Appellant's first assignment of errors is:    That the court erred in making comments upon the testimony of defendant's first witness during trial in the presence and hearing of the jury to the effect following, to-wit: "The last half hour, he thought, had been unnecessarily consumed, and was not calculated to enlighten court or jury."

It appears that these remarks were not excepted to at the time they were made, nor until after the court had adjourned for the day.

When the remarks are considered in connection with the evidence of the witness and the subsequent charge of the court, by which the jury were told that they were the judges of the weight to be attached to the testimony, and that it was not the province of the court to pass on that question, or to express an opinion as to the value of the testimony admitted, but they were to be controlled by their own views, we do not think the jury could have been improperly influenced by the remarks.

The proper time to have taken the exception was when the remarks were made and in the presence of the jury.    If the objection had been then made an opportunity would have been furnished the court to have removed any improper effect that they were likely to produce, by proper explanation to the jury.    Not having been then taken, the objection ought not to be considered now.

The remaining assignments of error relate to charges given and refused

by the court and to the sufficiency of the evidence to support the verdict.

The charge of the court furnished the jury with a full, clear, and correct exposition of the law applicable to the issues made by the pleadings and evidence, and the findings of the jury are sufficiently supported by the evidence.

The case was once before, before this court and was reversed and remanded. The trial from which this appeal is taken appears to have been conducted in accordance with the opinion then expressed.

The judgment is affirmed.

*Affirmed.*

Delivered January 17, 1890.