AMERICAN EXPRESS CO. et al. v. CHANDLER. (No. 2097.)

(Court of Civil Appeals of Texas. Texarkana. July 1, 4, 1919. Rehearing Denied Oct. 9, 1919.)

1. MASTER AND SERVANT ⬅➡301(1)—RAILROAD AND EXPRESS COMPANY JOINTLY LIABLE FOR NEGLIGENCE OF EMPLOYÉ.

Where employé of express company was in charge of baggage car and acted exclusively for the railroad when he handled baggage or mail, and exclusively for the express company when he handled express matter, and a charge was made by the express company against the railroad company for part of the compensation paid such employé, the railroad and the express companies were jointly liable for injury to one on a platform caused by the negligence of such person in throwing a parcel out of the door, whether such parcel was express matter, baggage, or mail matter.

2. APPEAL AND ERROR ⬅➡1066—ERROR IN INSTRUCTION AS TO IMMATERIAL FACT HARMLESS.

In action for injuries caused by negligence of employé in charge of express car, it was

harmless error for the court to charge that jury should find for plaintiff if they found that H. or A. or his assistant was negligent, although such employés did not have an assistant, there being no evidence tending to show that there was any person in the car other than the employés of the defendant.

3. APPEAL AND ERROR ⬅➡837(9)—REVERSAL TO COMPEL WITHDRAWAL OF PRIVILEGE OF WITNESS.

The appellate court cannot reverse a judgment so that at another trial losing party might have the court compel a certain witness to make a disclosure by reason of waiver of privilege after the prior trial, where he was not entitled to have court compel witness to make such disclosure at the first trial.

4. TRIAL ⬅➡29(2)—REMARKS OF COURT COMMENT ON WEIGHT OF EVIDENCE.

In an action for damages for personal injuries, remark by court after a number of physicians had testified for defendant that he did not think it "beneficial to have so much medical testimony" was a comment on the weight of the evidence, and in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971.

5. APPEAL AND ERROR ⬅➡1046(5)—COMMENTS ON EVIDENCE BY JUDGE CURED BY INSTRUCTIONS.

In an action for personal injuries, where the court, after a number of physicians had testified for defendant, remarked that he did not think it "beneficial to have so much medical testimony," such comment on the weight of the evidence in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, was not reversible error, in view of court rule 62a (149 S. W. x), where the court subsequently stated that he was in error in making the remark, and in his charge to the jury told them they were the exclusive judges of the facts proved.

6. EVIDENCE ⬅➡126(1)—RES GESTÆ.

Where railroad employé was injured by trunk thrown from train and got back to depot in about three minutes after injury, statement then made by him to a third person as to how the injury occurred was admissible as res gestæ in an action for damages.

Appeal from District Court, Hunt County; Wm. Pearson, Judge.

Action by Emmett L. Chandler against the American Express Company and another. Judgment for plaintiff, and defendants appeal. Affirmed.

In May, 1915, appellee, plaintiff below, was in the employ of appellant the Missouri, Kansas & Texas Railway Company of Texas as a telegraph operator at Winnsboro. He also sold tickets and handled baggage for the railway company, and acted for it in transferring to and from its trains incoming and outgoing mail it was its duty to handle for the federal government at that place. Ap-

pellee claimed that at about 11:30 o'clock of the night of May 24, or May 25, 1915, a heavy trunk was negligently thrown from one of the railway company's cars upon and against him, whereby he was seriously and permanently injured. The car from which the trunk was thrown, as alleged, was used by the railway company to carry the United States mail, and also baggage belonging to its patrons, and by appellant the American Express Company to carry property belonging to it and its patrons. The man who handled express matter carried in the car by the express company also handled the mail and baggage carried therein by the railway company. On the theory that it was that man who threw the trunk from the car, and that he was at the time the joint employé of the railway company and the express company, appellee sued both of them, and recovered against them the judgment for $15,000 from which the appeal (by each of them) is prosecuted.

Smith, Robertson & Robertson, of Dallas, for appellant Express Co.

Dinsmore, McMahon & Dinsmore, of Greenville, for appellant Ry. Co.

Evans & Shields and J. S. Sherrill, all of Greenville, and Carden, Starling, Carden, Hemphill & Wallace, all of Dallas, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] It is insisted that the trial court erred when he submitted the case to the jury on the theory that the man in charge of the car and its contents was the joint employé of appellants. The contention is that it appeared that when the man handled express matter he acted exclusively for the express company, and therefore as its employé alone, and that when he handled baggage or the United States mail he acted exclusively for the railway company, and therefore as its employé alone; and hence that, instead of the liability to appellee, if any there was, being a joint one on the part of appellants, as assumed by the trial court, it was a several one—so distinct, in fact, that if one was liable the other was not. It is further insisted that the answer which should be given to the question as to which one of appellants, if either of them, was liable depended on whether the trunk, if one was thrown from the car, was express matter or baggage. The contention is a common one on the part of appellants so far, but no farther; for each insists that if there was a liability it was against the other—because, the express company says, it appeared the trunk was baggage; and because, the railway company says, it appeared it was express matter. We think it was immaterial whether it was one or the other. It conclu-

sively appeared that the car was in charge of a man employed by the express company to handle, not only express matter for it, but also baggage and the United States mail for the railway company. The man was paid by the express company, but it charged one-half the amount it paid him against the railway company, in accordance with an agreement between them, and the latter company had a right in common with the former to discharge him. Whatever should be said about the relationship of the man to appellants as between him and them or as between themselves, we think, as to persons injured under circumstances like those under which the jury found appellee was injured, he should have been, as he was by the trial court, treated as the joint employé of both the appellants. He was not in charge of a defined part of the car for one of them, and of another defined part thereof for the other, but was in charge of all of it for both of them. As to persons situated as appellee was the responsibility of appellants for the act of the man in throwing from the car an article which belonged exclusively to one of them was not different from what it would have been had he instead thrown therefrom an article which belonged to neither of them. It will not be doubted, we think, that appellants would have been jointly liable to appellee in the last-mentioned instance—that is, if he had been injured by the negligent act of the man in charge of the car in throwing therefrom an article which belonged to neither of the appellants. The case it seems to us, is within a rule which treats as partners, though not technically so, parties who jointly employ a person to perform work being done by them upon the same premises. 1 Labatt on Master and Servant, § 15.

[2] Whether appellee was injured on the night of May 24th or the night of May 25th did not certainly appear from the testimony. One Harper was in charge of the car for appellants on the night of May 24th, and one Adams on the night of May 25th. In his petition appellee alleged that the trunk was thrown from the car by said Harper or by said Adams, or by their assistants; and in his charge to the jury the trial court told them to find for appellee, other conditions concurring, if they believed "Ben Harper, Joe D. Adams, or his assistant," carelessly threw the trunk from the car. It is insisted that the court erred in so instructing the jury, because there was no evidence that either Harper or Adams had an assistant. We think the error in the instruction should be treated as a harmless one, if for no other reason, because there also was no evidence tending to show that any one was in the car with Harper on the night of May 24th or with Adams on the night of May 25th.

[3] Testifying as a witness, appellee said

that shortly after the accident happened he applied to Judge Clark, an attorney at law, for advice as to his right to recover damages for the injury he suffered, and that he was willing for Judge Clark to testify as to what he said to him on that occasion. Afterwards appellants placed Clark on the witness stand and asked him to disclose to the court and jury what appellee said to him about the accident. On the ground that the statement appellee made to him was privileged, because by a client to his attorney, Clark declined to make, and the court refused appellants' request to compel him to make, the disclosure called for. Appellants excepted to the action of the court, whereupon counsel for appellee declared:

"Before I will give an opportunity for a bill of that kind, we withdraw the right to waive and object to his telling anything that he knows."

Appellants insisted that they had a right to have the bill of exceptions; they were entitled to show what Clark's testimony would have been, had the court granted their request to compel him to testify; and, the court and appellee acquiescing in that view, it seems the parties met in Clark's office after the trial was concluded to question him about the statement appellee made to him. As Clark remembered it, it appears from the bill appellee stated to him that he was injured "while handling a trunk, that the trunk was heavier than he anticipated, and that the weight was too much for him," and did not claim that he was injured "by a trunk falling or being thrown from a car door or off of a truck." Clark had an impression, he said, "of the car door and the trunk and the man some way," but couldn't say "whether it was from anything Chandler said" or his "inference from what had been said." In their briefs appellants concede that the communication between appellee and Clark was privileged, and seem also to concede that appellee had a right to and did withdraw the consent he had given that Clark might disclose what he had said to him. Therefore we are somewhat at a loss to understand why appellants think their assignments predicated on the ruling in question should be sustained; for of course if the communication was privileged, and if appellee had a right and exercised it to withdraw consent he had given to have Clark disclose it, the trial court should not have compelled a disclosure thereof. Perhaps the view appellants take of the matter is indicated by a statement in their briefs as follows:

"After the trial, when appellants came to prepare the bill of exceptions, all the parties, by their attorneys, repaired to Judge Clark's office, and he was examined fully as to what the plaintiff told him, and such testimony or statement now appears in full in the transcript in this case. Such examination was had and such disclosures were made without any claim of privilege being made by plaintiff, and with the full knowledge of the purpose of and the publicity to be given the same. Appellant contends, therefore, even though appellee should now say that upon another trial Judge Clark could not be made to testify because the plaintiff had withdrawn his waiver, that after the waiver was withdrawn at the trial the plaintiff again and later waived the privilege in going to Judge Clark's office and without objection permitting him to fully disclose the confidential communication."

If, as the statement indicates is the case, appellants' contention is that the judgment should be reversed so that they might at another trial have the court compel Clark to make a disclosure they were not entitled to have the court compel him to make at the first trial, it is clear, we think, it should be overruled.

[4, 5] The examination of Dr. McBride, a witness for appellants, was interrupted by a call for him to go to a patient who needed his services. He was the seventh or eighth physician called by appellants to testify as an expert in regard to the injury to appellee. In agreeing to excuse him appellants' attorneys stipulated that he should return so they might complete the examination they had begun. With reference to this the trial court remarked to the witness, "They seem to be bent on using you, Doctor, and keeping you as long as they can;" and when one of appellants' counsel protested against the remark, added:

"In using so much time on these doctors I get tired of it. I don't know how you are; I don't think it is beneficial to have so much medical testimony."

Appellants having excepted to the remarks of the court, the latter made this statement at the close of testimony given by another physician called by appellants after Dr. McBride was excused:

"Upon second thought I conclude that I was in error making a remark about the continuation of the testimony of Dr. McBride or any other of the doctors in a case of this kind. Where the issue or question is a matter of injury the parties have a right to introduce such doctors as they may desire, especially in a case like this, where there are a good many phases of the question. I don't desire any time to make an expression that would have any bearing one way or the other upon the facts of the case. Therefore I make this statement, because I recognize this is a case where testimony of that character is perfectly admissible."

Appellants insist that the remark of the court that he did not think it "beneficial to have so much medical testimony" was a comment on the weight of the evidence in violation of the statute (article 1971, Vernon's Statutes), and therefore error which entitles them to a reversal of the judgment. We think the remark was objectionable on the ground urged to it, but we do not think the error of the court in making it calls for a reversal of the judgment. In view of the statement of the court subsequently made, set out above, and that in his charge, which advised the jury that they were the "exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to the testimony," we do not think it is at all likely the jury were influenced by the court's remark to return a verdict they otherwise would not have returned. See rule 62a (149 S. W. x) for the government of this court.

[6] The car in which express matter, baggage, and the United States mail were carried had two doors in its side next to the depot. Ordinarily express matter was loaded into and unloaded from the car through one of these doors, and baggage and the United States mail into and from the car through the other. On the occasion in question appellee had loaded the mail it was his duty to handle on to the car through the door farthest from the depot, and was returning to the depot by the other door when he was injured by the trunk thrown therefrom. He got back to the depot within about three minutes after he was injured. Over appellants' objection he was permitted to testify as follows about a conversation he then had with the witness Castleberry:

"He (Castleberry) asked me—he says, 'What in the world is the matter, Chandler?' and I told him I was injured, a trunk had fallen down, thrown on me, and he says, 'You go over there and pull off your overalls, I will help you pull them off.' "

And also, over appellants' objection, Castleberry was permitted to testify as follows with reference to said conversation:

"He (Chandler) was complaining of having been injured by a trunk falling on him. I asked him as soon as he came inside what was the matter. He said he had been injured. He said the express messenger had thrown an express package, a trunk, on or against him as he was returning from the mail car."

We think the testimony was admissible as res gestæ (Railway Co. v. Groseclose, 134 S. W. 736, and discussion and authorities cited in Dallas Hotel Co. v. Fox, 196 S. W. 647), and therefore overrule the assignments in which complaint is made of its admission.

It is insisted that the judgment is excessive. We were inclined to think when we first examined the record that the contention should be sustained, but further examination thereof has convinced us it should not be.

Most of the assignments have been disposed of by what has been said. The others have been considered and are also overruled.

The judgment is affirmed.