**AMERICAN EXPRESS CO. et al. v. CHANDLER. (No. 243–3436.)**

(Commission of Appeals of Texas, Section A. June 15, 1921.)

**1. Master and servant ⬅️301(1)—Railroad and express company liable for negligence of joint employee.**

Where an express messenger handled baggage as well as express matter, and was paid by the express company, which, however, charged part of his remuneration against the railroad company, and would have discharged him at that company's request, both the express company and the railroad company are liable to an employee of the railroad company for injury caused by the negligence of the messenger in throwing a trunk out of a car, regardless of whether it was baggage or express.

**2. Master and servant ⬅️301(1)—Railroad not liable for negligence of express company's sole employee assisting joint employee.**

Where express messengers who were in fact joint employees of the express company and the railroad company were assisted by a sole employee of the express company at a time when a trunk was thrown out of a car and injured an employee of the railroad company, an instruction allowing recovery against the railroad company though the trunk was thrown by the assistant, who was solely an employee of the express company, was improper.

**3. Trial ⬅️29(2)—Statement by court that he saw no benefit in so much medical testimony improper as comment on evidence.**

In a personal injury action, a statement by the court that he saw no benefit in so much medical testimony offered by defendant *held* incompetent, as a comment on the evidence, in violation of Rev. St. art. 1971.

**4. Appeal and error ⬅️1046(5)—Comment by judge on weight of evidence held prejudicial.**

In a personal injury action, where a medical witness testified to facts directly contra-

dictory of plaintiff's case, a remark by the trial judge that he did not think so much medical testimony was beneficial, coupled with the further remark when defendant took bill of exceptions to call another doctor, and that he would give a second bill of exceptions, was prejudicial error, the remarks being a comment on the weight of the evidence, in violation of Rev. Laws, art. 1971 (Const. art. 1, § 15), notwithstanding in the charge the trial court admitted his error and withdrew the statement, for such remarks may well have influenced the jury.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Emmett L. Chandler against the American Express Company and another. On appeal by defendants, a judgment for plaintiff was affirmed by the Court of Civil Appeals (215 S. W. 364), and defendants bring error. Judgments of Court of Civil Appeals and of district court reversed, and cause remanded.

Smith, Robertson & Robertson and Chas. C. Huff, all of Dallas, and Dinsmore, McMahon & Dinsmore, of Greenville, for plaintiffs in error.

B. Q. Evans, of Greenville, and W. A. Shields, of Eastland, for defendant in error.

SPENCER, J. Defendant in error, Emmett Chandler, instituted this suit and recovered a joint and several judgment against plaintiffs in error, the American Express Company and the Missouri, Kansas & Texas Railway Company, of Texas, in the sum of $15,000, for personal injuries alleged to have been sustained by him. Upon appeal, the Court of Civil Appeals affirmed the judgment. 215 S. W. 364.

The facts briefly are that Chandler was employed as telegraph operator for the railway company at Winsboro. His duties also required him to assist in handling the baggage received and forwarded. His version of how the alleged injuries occurred is that, in returning from the east door of combination baggage and express car, where it was his duty to deliver a pouch of mail, while passing the west door of the car a heavy trunk was thrown from the door, causing the injuries. At the east door baggage was loaded and unloaded, while express was handled from the west door. It was no part of his duties to assist with the express. It does not appear whether the trunk, which defendant in error testified struck him, was express or baggage. The railway company contends that if it was express matter it is not liable, while the express company, insists that it is not liable if the trunk was baggage.

[1] Upon the issue of joint liability, the uncontroverted evidence is that in May, 1915, the month in which the injury is alleged to have occurred, there was one man in charge of the baggage and express on the train, designated as a joint baggageman and express messenger, who performed duties for both companies. The express company paid his salary, and billed upon the railway company for 50 per cent. of it. The express company employed him, and had the power to discharge him. The express company would also have discharged him upon the request of the railway company.

Under these circumstances, if the joint employee negligently threw the trunk which it is alleged injured defendant in error, it is our opinion that both the express and the railway company are jointly and severally liable for the injury, regardless of whether the trunk was baggage or express. Moore v. Sou. Ry. Co., 165 N. C. 439, 81 S. E. 603, 51 L. R. A. (N. S.) 866.

[2] Ben Harper and Joe D. Adams were joint employees of plaintiffs in error. There is evidence in the record to the effect that Roy Thompson, an employee of the express company, was in the car on the occasion when it is claimed the trunk was thrown therefrom, assisting the joint employee with the loading and unloading of the express. The court charged the jury as follows:

"If you believe from the evidence that, on or about the time and at the place alleged in plaintiff's petition, while in the performance of his duties, plaintiff, Emmett L. Chandler, was passing a baggage or express truck of defendant, lined up by the side of a baggage and express car of the defendants, and that at the time plaintiff was passing said truck Ben Harper, Joe D. Adams, or his assistant, the joint agent or agents of the defendants, were attempting to unload a trunk from said car; and if you believe that the said agent or agents unloading said trunk, if it was being unloaded, knew that plaintiff was passing said truck, or in the exercise of ordinary care, as defined herein, should and would have known that plaintiff or some other person was likely to be so passing at said time; and if you believe from the evidence that at said time the said joint agent or agents of defendants negligently and carelessly and without warning to plaintiff so threw or unloaded said trunk from said car in such manner that it was caused to be and was propelled onto and over said truck and onto and against plaintiff, and thereby injuring plaintiff in any or all the ways alleged in his petition; and if you believe in so unloading said trunk, if it was so unloaded, the agent or agents of defendants were guilty of negligence as defined in paragraph 1 hereof, and that such negligence, if any, was the proximate cause of plaintiff's injuries, if any, then you will find for the plaintiff, unless you should find for defendants under subsequent paragraphs of this charge."

The court erred in authorizing a recovery against the railway company in the event the jury found the trunk was thrown by an assistant of Harper or Adams. Thompson was the only person mentioned in the record as being an assistant, and the uncontroverted evidence is that he was an employee of the express company solely, and in no sense an

employee of the railway company. If, therefore, the jury should find that Thompson, acting alone, negligently threw the trunk that caused the alleged injury, the express company, and not the railway company, would be responsible therefor.

[3, 4] Plaintiffs in error assign error. to certain remarks of the trial court made in the presence of the jury during the progress of the trial. The evidence of defendant in error tended to show that his injuries consisted in part of an impacted fracture of the socket of the hip bone. Plaintiffs in error introduced Dr. McBride as a witness, who testified in effect that such impacted fracture could not have resulted in the manner which defendant in error testified that his injuries were received. In other important particulars, he contradicted the testimony of the defendant in error. While upon the stand giving this testimony, he received an emergency call to attend a patient. Defendant in error's counsel stated to the court that they would waive cross-examination of the witness, but plaintiffs in error desired to continue their examination, stating that it would take much longer than five minutes to complete the examination. Following this remark by plaintiffs in error's counsel, the following remarks were made:

The Court: "They seem to be bent on using you, Doctor, and keeping you as long as they can. I will excuse you."

To which counsel for defendants replied: "I think the court is a little unkind to state we are bent on keeping him. I don't think that is correct."

To which the court replied: "In using so much time on these doctors I get tired of it; I don't know how you are; I don't think it is beneficial to have so much medical testimony."

To which counsel for defendants took a bill of exception, stating: "We except to the remarks of the court."

To which the court replied: "I will give you two of them; call another doctor, and let's have another one."

"At the close of the testimony of Dr. E. F. Wright, who followed next after Dr. A. D. McBride, the court made the following remarks: 'Before we go I want to make this statement to the jury: Upon second thought I conclude that I was in error about making a remark about the continuation of the testimony of Dr. McBride or any other of the doctors in a case of this kind; where the issue or question is a matter of injury, the parties have a right to introduce such doctors as they may desire, especially in a case like this, where there are a good many phases of the question. I don't desire any time to make an expression that would have any bearing one way or the other upon the facts of the case; therefore, I make that statement, because I recognize this is a case where testimony of that character is perfectly admissible.'"

That it was error for the court to make the comment that it did cannot be questioned. The trial court recognized that an error had been made, and undertook to correct it.

The only question presented therefore, is, Was the error cured by the instruction given?

In jury trials, our statute prohibits the trial judge from charging or commenting upon the weight of evidence. Article 1971. The right of trial by jury is a fundamental one guaranteed by the Bill of Rights. Const. art. 1, § 15. It was to protect this right that the statute was designed and enacted. The original statute, prohibiting comment by the trial court upon the weight of the evidence, was enacted by the first Legislature assembled under the first Constitution of Texas. Acts May 13, 1846, p. 390, § 99. It was not passed to strengthen the fundamental law, because it needed no added strength, but it was enacted in pursuance of and as an admonition to heed that law. A failure to obey the statute violates the Constitution. Not every comment by the court upon the weight of the evidence is reversible error. If the comment is upon the weight of evidence concerning a material issue, and is such as will probably influence the jury in its decision, such comment will operate to reverse the judgment.

The testimony of Dr. McBride struck at the very vitals of defendants in error's case. From the remarks of the court to the effect that he did not think so much medical testimony was beneficial, the jury may have concluded that the trial court excused the witness because the testimony was not beneficial. This may have impressed the jury that the trial court thought the testimony worthless. The court aggravated the error, when counsel excepted to the remarks, by stating that he would give them two bills of exceptions—to call another witness and get another bill. This last remark is susceptible of the construction, and may have conveyed to the minds of the jury, that the court did not think the testimony beneficial, and that he would give defendant in error a bill of exceptions instead of the testimony.

In view of what was said, it is impossible to determine the full extent of the prejudicial effect the comment may have had upon the minds of the jury, and we do not think that the error was cured by the court's subsequent comment that he did not want to influence the jury in the premises. It is true the court informed the jury that the testimony was perfectly admissible, but this did not suffice to cure the error. He had stated that he did not think so much medical testimony was beneficial. The testimony could have been admissible, and yet not beneficial. The gravamen of the error was in saying in the jury's presence that the testimony was not beneficial.

To determine whether the error has been cured by instructions withdrawing the comment is always one of serious import, and is made to depend upon the facts in each particular case. If a court may comment upon

the weight of the evidence and thereafter withdraw such comment, the very purpose of the law may be circumvented, and the statute and Constitution rendered of no force and effect; and unless it can be said that in all probability the error was primarily harmless, or rendered so by the withdrawal of the comment, a reversal of the judgment will follow.

Defendant in error cites Sabine & E. T. Ry. Co. v. Brousard, 75 Tex. 597, 12 S. W. 1126, as sustaining their position that the remarks of the court was harmless error. The court in that case concluded that the remarks of the court were harmless when considered in connection with the evidence upon which the court commented. We cannot, in view of the evidence in the case at bar, reach the conclusion that the error was harmless.

We recommend, therefore, that the judgments of the Courts of Civil Appeals and of the district court be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.