## ASSOCIATED EMPLOYERS LLOYDS v. CHERRY.

### No. 2808.

Court of Civil Appeals of Texas. Eastland.

July 28, 1950.

Rehearing Denied Sept. 8, 1950.

James Little, Big Spring, Vernon D. Adcock, Lamesa, for appellant.

Bob Huff, Lamesa, for appellee.

GRISSOM, Chief Justice.

This is a workmen's compensation case. In accord with a jury verdict, judgment was rendered for the claimant for compensation for 286 weeks of total incapacity and 10 weeks of fifty percent incapacity. Claimant is a colored man who had worked for the insured, Lamesa Cotton Oil Company, for about ten years prior to February 24, 1949. The jury found that Albert sustained an accidental injury on said date, while working as an employee of said company in the course of his employment, with the resulting incapacity stated above. The insurance carrier has appealed.

Appellant says the judgment should be reversed because the court did not permit it to prove that Albert was indebted to Kimbell Grocery Company in the sum of $325.00 for groceries; that he had not paid anything on said account for seven or eight months; that Mr. Kimbell owned the majority of the stock in both said grocery corporation and said Lamesa Cotton Oil Company and that Albert "figured" that if he kept working for the oil company he would have to pay the grocery company. Appellant offered said testimony upon the theory that it tended to prove that Albert did not quit working for the cotton oil company because of his incapacity but because he thought that if he did not pay his grocery bill he would be fired.

Before the jury was retired it heard Albert testify in substance that two or three years ago he bought groceries from

the Kimbell Grocery Company; that Mr. Kimbell was part owner of the Lamesa Cotton Oil Company. That Albert knew Mr. Kimbell personally. Albert was then asked how much money he owed Kimbell Grocery Company for groceries. At this point, upon appellee's objection to such testimony, the jury was retired and appellant was permitted to introduce evidence for its bill. In the absence of the jury, Albert testified he knew Mr. Kimbell; that he owned fifty-one percent of the Lamesa Cotton Oil Mill; that he was one of the principal owners of Kimbell Grocery Company, to which Albert was indebted in the sum of $325.00 for groceries; that at one time he owed said company more than $500.00 for groceries; that his last payment was made seven or eight months before the trial; that said grocery company had been after Albert to pay some on the bill two or three times since he made his last payment; that he told said grocery company that he would pay them as soon as he got the money; that he meant it; that he was making $75.00 a week at the mill; that the reason he had not paid the grocery bill was that his wife had been sick and going to a doctor every day for four years. Albert testified that he figured if he kept on working at the mill he would have to pay the grocery bill; that he was going to pay it anyway; that when he got the money he was going to pay Kimbell Grocery Company whether he ever worked at the mill again or not. It is apparent that the jury was permitted to hear and consider most of the substance of the excluded testimony. Assuming that the excluded testimony was admissible, under the circumstances disclosed, after careful study of the entire statement of facts, we conclude that it cannot reasonably be said that the exclusion constituted such an error as was reasonably calculated to cause the rendition of an improper judgment. Texas Rules Civil Procedure, rule 434; 3B Tex.Jur. 669; Associated Employers Lloyds v. Wiggins, Tex.Civ.App., 208 S.W.2d 705, 708 (Ref. N.R.E.); Texas Power & Light v. Hering, Tex.Sup., 224 S.W.2d 191, 192.

Appellant also contends the court committed reversible error, as shown by its bill of exception number 2, in overruling appellant's objection and motion for mistrial because of the argument of appellee's counsel to the jury as follows: "A lot of this is over my head, but he, Mr. Little, brought before you gentlemen, brought in here those six dollars a week deal on this personal insurance, and that couldn't possibly have a bearing on any issue in this case. This first bunch, these right here that he went down to Dallas and got. Cherry admitted in his deposition six weeks ago about that. I can't see what part that plays in this thing. He brought them in here and after the Court sustained my objection, I withdrew it, but I still can't see as that had any bearing on this."

The bill recites that appellant objected to such argument and asked for a mistrial and that the jury be instructed not to consider said argument. Whereupon the court made its ruling as follows: "Yes, gentlemen, the fact that the court sustained an objection does not concern you or the injury."

Whereupon, appellant's counsel again objected and moved for a mistrial, stating as ground therefor that he did not know the court had sustained the objection. The court overruled appellant's motion for a mistrial.

■ Said bill shows that the court had not, in fact, sustained appellee's objection to the evidence offered by appellant relative to Albert collecting accident insurance on a policy owned by him, but had overruled such objection, out of the presence of the jury, and that appellee's counsel incorrectly stated to the jury that the court had sustained his objection and that he withdrew it. No grounds of objection to the argument of appellee's counsel were stated. No particular part was singled out. Certainly, part of the argument was proper and the court could not have properly sustained an objection made to the whole argument. It is apparent that the court inadvertently told the jury that they were not concerned with the fact that the court had "sustained" an objection. The only objection shown to the court's action in overruling appellant's motion for a mistrial was the statement of appellant's dis-

tinguished counsel that he did not know the court had "sustained" the objection. These matters transpired in the heat of a trial. We have no doubt but that the learned trial judge would have corrected his own and appellee's counsel's mistake in saying that an objection had been "sustained" had said mistakes been clearly called to the court's attention. We think reversible error is not shown. See Sabine & East Texas Railway Company v. Brousard, 75 Tex. 597, 598, 12 S.W. 1126; Hamill & Smith v. Parr, Tex.Civ.App., 173 S.W.2d 725, 729; 3B Tex.Jur. 648, 651; Williams v. Merchants Fast Motor Lines, Tex.Civ. App., 214 S.W.2d 307, 311.

The judgment of the trial court is affirmed.