WORLEY HOSPITAL, INC., Appellant,

v.

Sylvia CALDWELL et vir., et al., Appellees.

No. 8500.

Court of Civil Appeals of Texas, Amarillo.

Oct. 31, 1975.

Rehearings Denied Nov. 24, 1975.

Anderson, Henley, Shields, Bradford & Pritchard, L. W. Anderson, Dallas, for appellant.

Buzzard & Comer, Ross N. Buzzard, J. B. Maguire, Jr., Pampa, Stokes, Carnahan & Fields, Richard E. Stokes, Jr., Amarillo, for appellees.

ROBINSON, Justice.

Plaintiff Sylvia Caldwell sued her surgeon, Dr. C. F. Sparger, and Worley Hospital, Inc., for damages resulting when a lap sponge, approximately 16 inches square and containing 5 or 6 thicknesses of gauze, was left in her abdomen when the incision was closed following surgery by Dr. Sparger in the Worley Hospital. A jury found that Dr. Sparger was not negligent in failing to see the lap sponge when looking into plaintiff's abdomen before closing; that negligence of the assisting nurses in failing to make a correct lap pack count was a proximate cause of the injury; and that the nurses were not borrowed servants of Dr.

Sparger. The trial court entered judgment for plaintiff against the defendant hospital.

The hospital appeals contending that Dr. Sparger is liable for the negligence of the assisting nurses; that the evidence is legally and factually insufficient to support jury findings that the doctor was not negligent and that the nurses were not borrowed employees of Dr. Sparger; and that the court failed to correctly charge the jury concerning the standard of care applicable to nurses and hospitals. By cross point appellee-plaintiff seeks judgment against Dr. Sparger. Affirmed in part. Reversed and rendered in part.

The first question is whether the surgeon is liable for the assisting nurses' negligent failure to make a correct sponge count.

In *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.), the court, on facts similar to those before us, held that the operating surgeon was liable for the negligence of nurses assisting him in the operation although they were employed by the hospital and paid by it. In *McKinney v. Tromly,* 386 S.W.2d 564 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.), a case involving the negligent administration of an anesthetic, the court stated that it had no difficulty in finding that the nurse, although in the general employ of the hospital, was an employee of the surgeon while in the operating room and under his control. The court in *McKinney* quoted with approval the language of the Supreme Court of Pennsylvania in *McConnell v. Williams,* 361 Pa. 355, 65 A.2d 243 (1949), as follows:

. . . And indeed it can readily be understood that in the course of an operation in the operating room of a hospital, and until the surgeon leaves that room at the conclusion of the operation, . . . he is in the same complete charge of those who are present and assisting him as is the captain of a ship over all on board, and that such supreme control is indeed essential in view of the high degree of protection to which an anaesthe-

tized, unconscious patient is entitled, . . . ..

The Texas Supreme Court in *Webb v. Jorns,* 488 S.W.2d 407, 411 (Tex.1972), cited *McKinney v. Tromly, supra,* with approval in an opinion holding the physicians liable for negligence of the anesthetist and also, noting that the physicians in that case conceded that they were subject to vicarious liability in the event of a finding of liability on the part of persons under them in the operating room. See also *Porter v. Puryear,* 153 Tex. 82, 262 S.W.2d 933 (1953).

Further, Dr. Sparger testified that he was in charge, medically speaking, of the nurses, technicians, and anesthetist and that the process of operating was a part of the practice of medicine. The nurses testified that they were to follow the doctors' orders and that the hospital rules required that a registered nurse supervise the sponge count and actually do a portion of it.

■ We conclude that, under the undisputed evidence in this case and as a matter of law, Dr. Sparger had such control of the nurses in the operating room as to render him liable for their negligence in making an incorrect sponge count.

We next consider whether the conclusion that the doctor is liable for the negligence of the nurses in the operating room as "captain of the ship" precludes a finding that the hospital is also liable. This question was decided by the Supreme Court of Pennsylvania in *Tonsic v. Wagner,* 458 Pa. 246, 329 A.2d 497 (1974). The court, after commenting that prior to its decision abolishing charitable immunity it had had no occasion to consider the issue, expressly held that the use of the captain of the ship analogy in *McConnell v. Williams, supra,* did not mean that only the operating surgeon could be liable for the negligence of hospital employees. It held that a person may be at the same time the agent both of an operating surgeon and of a hospital even though the employment is not joint. The court said:

. . . Hospitals, as well as the operating surgeons, owe a duty to the patient. If that duty is breached under circumstances from which a jury could reasonably conclude that the negligent party was at the same time the servant of two masters, both masters may be liable.

Although ordinarily the control which a master can properly exercise over the conduct of the servant will prevent simultaneous service to two independent masters, nevertheless, Texas courts recognize that the same act may be done in the service of two masters where both have the requisite control and the act is within the scope of his service to both.

In *Heitkamp v. Krueger,* 265 S.W.2d 655, 659 (Tex.Civ.App.—Austin 1954, writ ref'd n. r. e.), the court quoted with approval 57 C.J.S. Master and Servant § 566, p. 290, as follows:

Under some circumstances both the lender and borrower may have control over the servant so as to render each of them liable for his conduct, for he may have been transferred to carry on work which is of mutual interest to them and to effect their common purpose, so that his service to one does not involve abandonment of his service to the other.

In *Western Union Telegraph Co. v. Rust,* 55 Tex.Civ.App. 359, 120 S.W. 249 (1909, writ ref'd), the jury found and the court held that a messenger boy was the servant of both Western Union Telegraph Company, which was in the business of sending and receiving telegrams, and of American District Telegraph Company, which rented office space from Western Union and furnished messenger boys to it, and that both were liable for the negligence of the messenger boy in knocking down a man with his bicycle when carrying a package for Western Union.

Likewise, in *Moreman v. Armour & Co.,* 65 S.W.2d 334 (Tex.Civ.App.—Amarillo 1933, writ ref'd), and *American Express Co. v. Chandler,* 215 S.W. 364 (Tex.Civ.App.—Texarkana 1919), reversed on other grounds, 231 S.W. 1085 (Tex.Comm'n App. 1921, holding approved), the courts held independent employers liable for the negligence of joint servants.

The general principle of agency law is stated in The Restatement (Second) of Agency § 226 (1958), as follows:

A person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other.

In a case analogous to the one before us, a guard, employed by a security service and furnished to a rental store, received orders from both and was held to be the servant of both. The court, citing the Restatement rule, held both the security service and store liable for the tortious conduct of the guard. *Nash v. Sears, Roebuck and Company,* 383 Mich. 136, 174 N.W.2d 818 (1970).

In the malpractice case of *Voss v. Bridwell,* 188 Kan. 643, 364 P.2d 955, 967 (1961), the cause of action arose from the administration of an anesthetic for surgery by a resident physician. The court held that the pleadings stated a cause of action both against the anesthesiologist, who furnished and had supervision and control of the resident physician, and against the surgeon, as well as against the resident physician. The court said, "Under the doctrine of *respondeat superior* a person may be the servant of two masters, not joint employers, at one time as to one act, if the service to one does not involve abandonment of the service to the other."

The evidence in the case before us concerning the exercise of control by the hospital over the operating room nurses is undisputed. The nurses were employed, paid, and instructed by the hospital. Not only the end to be accomplished, but the details of their performance were covered by the hospital manual covering "Operating Room Nursing Duties." The only reasonable conclusion from the undisputed evidence is that the hospital exercised control, concurrent with the control by the surgeon, of the

nurses in the operating room and that their service to the surgeon did not conflict with or constitute an abandonment of their service to the hospital.

■ We conclude that in making the sponge count the nurses were the servants of both Dr. Sparger and Worley Hospital, and that both masters are liable for negligence of the nurses in making the count.

Appellant hospital contends that the court's charge erroneously states the standard of care to be exercised by the hospital and its nurse employees. The charge uses the standard of "a person of ordinary prudence" in defining "negligence" and "ordinary care."

■ The jury found that the operating room nurses failed to make a correct sponge count. The evidentiary support for that finding is not challenged. There is no evidence which would justify the failure to make a correct count. The doctor relied on the count. It necessarily follows that the failure to make a correct count was negligence and a proximate cause of the failure to remove the sponge from plaintiff's body. *Harle v. Krchnak,* 422 S.W.2d 810 (Tex.Civ. App.—Houston [1st Dist.] 1967, writ ref'd n. r. e.). Moreover, the standard of care charged, under the particular facts of this case, was more favorable to appellant than that requested, it being unreasonable to assume that trained nurses would have a lesser duty to count sponges correctly than a "person of ordinary prudence." We do not find that the definitions given were reversible error under the facts of the case before us.

The trial court did not err in excluding testimony, standing by itself, that it was Dr. Sparger's personal practice in other places to X-ray after surgery. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949); *Webb v. Jorns,* supra. Even if the testimony were admissible, the exclusion of the testimony was not calculated to cause the rendition of an improper verdict.

■ Dr. Sparger's statement to the nurse, "Mrs. Holland, we are in trouble," when he told her that a sponge had been left in plaintiff, was properly excluded by the trial judge. The statement is not admissible as a conclusion of liability. *Isaacs v. Plains Transport Co.,* 367 S.W.2d 152 (Tex.1963). The fact that the sponge was left in the plaintiff is not controverted.

■ Counsel's question to the nurse concerning whether the hospital could require a final sponge count did not violate the court's ruling on a motion in limine excluding evidences of changes in hospital procedure after the operation in question and was properly allowed.

■ The failure to mark as exhibits a piece of white cloth surrounded by hemostats and various surgical instruments used by Dr. Sparger in demonstrating the nature of the surgery to the jury could not affect the proper presentation on appeal of the questions that are dispositive of this case and, thus, is not reversible error.

■ We have considered all of the evidence and are of the opinion that there is sufficient evidence to support the jury finding that Dr. Sparger, himself, did not fail to exercise ordinary care when looking into plaintiff's abdomen before closing and that the finding is not against the great weight and preponderance of the evidence. Nevertheless, as heretofore held, Dr. Sparger is liable for the negligence of the operating room nurses.

We do not reach appellant's other points of error.

It is stipulated that any judgment against the hospital is subject to a credit in the amount of $2,033.77, the amount remaining unpaid on plaintiff's hospital bill.

The portion of the trial court judgment granting plaintiff recovery against Worley Hospital, Inc. is affirmed. The portion of the judgment denying recovery against Dr. C. F. Sparger is reversed. Judgment is here rendered for plaintiff against Worley Hospital, Inc. and Dr. C. F. Sparger jointly

and severally for $21,644.90 with credit to Worley Hospital, Inc. for $2,033.77.