**WORLEY HOSPITAL, INC., Appellant,**

v.

**Sylvia CALDWELL et vir., Appellees.**

**No. 8500.**

Court of Civil Appeals of Texas, Amarillo.

May 16, 1977.

Anderson, Henley, Shields, Bradford & Pritchard; L. W. Anderson, Dallas, for appellant.

Buzzard, Comer & Buzzard, Ross N. Buzzard, Maguire & Vanderpool, Pampa, Stokes, Carnahan & Fields, Thomas D. Farris, Amarillo, for appellees.

ROBINSON, Justice.

This is a medical malpractice case in which the jury found that the operating room nurses were negligent in failing to make a correct sponge count. The case has been remanded by the Supreme Court so that this court may rule on the question of whether the jury's refusal to find that the nurses were borrowed employees of the surgeon, Dr. C. F. Sparger, was against the great and overwhelming weight of the evidence.

The relevant evidence is undisputed and reveals the common situation in which the nurses are employed by the hospital and instructed by a hospital manual covering the manner in which they are to perform their duties. The nurses testified that they were to follow the doctor's orders and the doctor testified that he was in charge, medically speaking, of the nurses.

The facts are set out more fully in the original opinion of this court, *Worley Hospital, Inc. v. Caldwell, et vir,* 529 S.W.2d 639 (Tex.Civ.App.—Amarillo 1975), and in the opinion of the Supreme Court, *Sparger v. Worley Hospital, Inc. et al.,* 547 S.W.2d 582 (Tex.1977). Dr. Sparger's testimony concerning his relationship with the nurses as well as the nurses' testimony in that regard is set out verbatim in Justice Johnson's opinion, dissenting from the opinion of the Supreme Court, 547 S.W.2d at 587–88.

The Supreme Court held that the facts do not show that, as a matter of law, the nurses were the borrowed servants of Dr. Sparger, and stated as follows:

Reasonable minds might differ as to the facts which presented the borrowed servant issue.

We have, therefore, reviewed the evidence in the light of the opinion of the Supreme Court.

◼ We are mindful that the answer to the special issue before us involves a refusal or a failure to find a fact rather than an affirmative finding. Thus, no evidence was required to support the negative finding. The burden of proof on the issue was not on the defendant, Dr. Sparger. Further, the Supreme Court in effect has held that the testimony of Dr. Sparger, concerning his right to control the nurses in regard to medical aspects, is not a judicial admission that would as a matter of law make the nurses his borrowed servants "in watching after the lap packs."

Nevertheless, the question for our determination is not one of law, but a fact question of the weight and preponderance of all of the evidence to be tested by the standard set out in *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). After considering all of the evidence including that contrary to the verdict as well as that supporting the verdict, we are of the opinion that the jury finding that the nurses were not the borrowed servants of Dr. Sparger is not so against the great weight and preponderance of the evidence as to be manifestly unjust.

The judgment of the trial court is accordingly affirmed.